## IRAIDA FELICIANO *v.* JUAN FELICIANO
## (15295)

Peters, C. J., and Callahan, Berdon, Norcott and Katz, Js.

Argued March 27—officially released April 23, 1996

*Margaret P. Levy,* for the appellant (defendant).

*Rochelle Homelson,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Donald M. Longley,* assistant attorney general, for the appellee (state).

PER CURIAM. The dispositive issue in this certified appeal is whether family attribution rules governing the Aid to Families with Dependent Children (AFDC) program may justify the diminution of the parental support obligation otherwise prescribed by applicable child support guidelines. The trial court approved a ruling by the family support magistrate that deviation from the support guidelines is constitutionally required in order to assure that a parent's support obligation does

not exceed his or her child's pro rata share of AFDC benefits for a family unit that includes children for whom the parent bears no financial responsibility. Upon appeal by the state, the Appellate Court reversed the judgment of the trial court. *Feliciano* v. *Feliciano*, 37 Conn. App. 856, 865, 658 A.2d 141 (1995). We granted the defendant's petition for certification to review whether the Appellate Court's ruling requiring the defendant to pay support in accordance with the child support guidelines properly took into account the trier's exercise of discretion and properly resolved the defendant's constitutional claims.[1] We affirm the judgment of the Appellate Court.

The underlying facts are undisputed. At the time of the dissolution of the marriage between the plaintiff, Iraida Feliciano, and the defendant, Juan Feliciano, the defendant had been ordered to pay $15 per week child support. The attorney general, representing the state, was a party to the dissolution proceedings because, pursuant to the applicable AFDC program, the plaintiff was receiving financial assistance for the defendant's minor child. General Statutes § 46b-55 (a).[2] The plaintiff

---

[1] We granted the defendant's petition for certification for appeal, limited to the following issues: (1) "Did the Appellate Court correctly conclude that the trial court abused its discretion by deviating from the child support guidelines by limiting the support for the child to the pro rata share of the AFDC grant applicable to the child?" and (2) "Did the Appellate Court correctly conclude that the trial court incorrectly held that entry of a child support order in accordance with the child support guidelines would have violated the defendant's constitutional rights by applying his payments to the state as reimbursement for AFDC payments for two children whom he had no duty to support?" *Feliciano* v. *Feliciano*, 234 Conn. 915, 915–16, 661 A.2d 96 (1995).

[2] General Statutes § 46b-55 provides in relevant part: "Attorney general as party. Paternity establishment. (a) The attorney general shall be and remain a party to any action for dissolution of marriage, legal separation or annulment, and to any proceedings after judgment in such action, if any party to the action, or any child of any party, is receiving or has received aid or care from the state. The attorney general may also be a party to such action for the purpose of establishing, enforcing or modifying

receives AFDC payments for a family unit that includes not only the defendant's child but also two other children for whom the defendant had no financial responsibility.

In 1993, in conformity with the Connecticut child support guidelines, the state moved for an increase in the defendant's support obligation to $86 per week, and for payments to discharge an arrearage. The family support magistrate granted the state's motion in part, but increased the defendant's support obligation only to $56.43 per week, which was his child's pro rata share of the family's AFDC benefits. The decision of the family support magistrate was upheld by the trial court, but the Appellate Court reversed the judgment of the trial court, concluding that the state's motion should have been granted in its entirety. We agree with the Appellate Court.

After examining the record on appeal and after considering the briefs and arguments of the parties, we are persuaded that the Appellate Court properly analyzed the legality of deviations from child support guidelines premised on the availability of income attributable to AFDC public assistance grants. We agree with that court's conclusion that, as a matter of state law, such deviations are improper because the Connecticut child support guidelines "expressly provide that public assistance grants are not to be included in determination of gross income." *Feliciano* v. *Feliciano*, supra, 37 Conn. App. 859. We also agree with its further conclusion that, as a matter of federal constitutional law, denials of such deviations comport with the requirements of due process and of equal protection in light of the decision by the United States Supreme Court in *Bowen* v. *Gilli-*

an order for support or alimony if any party to the action is receiving support enforcement services pursuant to Title IV-D of the Social Security Act."

*ard,* 483 U.S. 587, 107 S. Ct. 3008, 97 L. Ed. 2d 485 (1987), which upheld the constitutionality of AFDC family attribution rules pursuant to 42 U.S.C. § 602 (a) (38). *Feliciano* v. *Feliciano,* supra, 861–63. Because both of the issues on which we granted certification were properly resolved in the thoughtful and comprehensive opinion of the Appellate Court, it would serve no useful purpose for us to elaborate further on the discussion therein contained. Cf. *Gajewski* v. *Pavelo,* 236 Conn. 27, 30, 670 A.2d 318 (1996); *Sharp* v. *Wyatt, Inc.,* 230 Conn. 12, 16, 644 A.2d 871 (1994); *Whisper Wind Development Corp.* v. *Planning & Zoning Commission,* 229 Conn. 176, 177, 640 A.2d 100 (1994).

The judgment is affirmed.