[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff appeals, pro se, from a decision of the State of Connecticut Department of Social Services (hereinafter D.S.S.), that it could properly submit her name to the United States Internal Revenue Service (hereinafter I.R.S.) and the State of Connecticut Department of Administrative Services (hereinafter D.A.S.) for offset of her 1995 Federal and State income tax refunds; to repay past-due child support owed to the State of Connecticut.
The D.S.S. is designated pursuant to General Statutes § 17b-2 as the Connecticut agency responsible for administering the child support enforcement plan required by Title IV-D of the Federal Social Security Act. A component of that plan is the interception of income tax refunds pursuant to General Statutes § 52-362e; where there is a past due support obligation in excess of $150.
The Plaintiff's daughter Rebecca was born March 25, 1970. The Plaintiff's mother, was appointed legal guardian of her granddaughter Rebecca by the Bristol Probate Court on November 8, 1978. The legal guardian received public assistance benefits for the minor child Rebecca, commencing July 24, 1979. Pursuant to General Statutes § 17b-77, the guardian assigned her support rights to the State of Connecticut as a condition of receiving such public assistance.
The Plaintiff was located in New Hampshire where the D.S.S. initiated an interstate support petition on February 15, 1986. The New Hampshire court judgment of December 3, 1987 found the Plaintiff in arrears to the State of Connecticut in the amount of $13,249.41 as of February 15, 1986; and ordered current support of $50 per week, with $100 weekly payments on such arrearage. The minor child subsequently became emancipated and the D.S.S. filed a CT Page 4328 petition for arrearage in 1988. The New Hampshire once again found the arrearage to be $13,249.41 and in a judgment of November 2, 1993 ordered $12.50 weekly payments toward such arrearage. The New Hampshire court on August 22, 1995 found the Plaintiff in contempt of court, set the arrearage at $12,227.65 and ordered $15 weekly payment.
The D.S.S. notified the Plaintiff on August 14, 1995 of its intention to certify her name for interception of her income tax refunds. The Plaintiff requested a Fair Hearing concerning such action. A Fair Hearing was held on October 19, 1995. The Plaintiff testified and submitted evidence at such hearing.
The hearing officer who conducted the Fair Hearing issued a decision on November 6, 1995. The decision found that the Plaintiff, as of October 19, 1995, owed Connecticut $12,115.15 for reimbursement of public assistance provided her daughter. The intercept order was found to be proper and the Plaintiff did not meet any of the defenses to such order.
The Plaintiff filed this appeal on December 14, 1995 pursuant to General Statutes § 4-183. The parties were heard at oral argument on March 24, 1997.
Section 52-362e provides that in AFDC cases where there is past due support of $150 the D.S.S. "shall submit's the intercept request to the I.R.S. Connecticut Regulations § 52-362e-2 set forth criteria to implement the statute. The record establishes that the Plaintiff owes in excess of $150 and that such arrearage has been past due for longer than three months (approximately ten years). The Plaintiff received the appropriate notice and hearing.
The defenses to such an intercept action are set forth in § 52-362h and limited to situations in which the minor child is living with the debtor or has lived with the debtor in the tax year in question. Rebecca for whom the AFDC was paid is now twenty-seven years of age. No statutory defense exists.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "[t]he CT Page 4329 court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v.Department of Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public Utility Control, 219 Conn. 51,57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189, and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board ofEducation v. Freedom of Information Commission,208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or CT Page 4330 logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion."United Parcel Service, Inc. v. Administrator, UnemploymentCompensation Act, 209 Conn. 381, 385 (1988).
The Plaintiff seeks to challenge the underlying arrearage on the grounds that the Plaintiff's mother should have supported the Plaintiff's child. Connecticut law imposes no support obligation on the guardian. "A guardian of a minor child has no legal obligation of support for that child." Favrow v. Vargas, 231 Conn. 1, 18 (1994).
The Plaintiff also seeks to bootstrap her abandonment of her child and removal from Connecticut as a defense to her obligation to support her child. The Plaintiff cannot escape her support obligation by contract or by abandonment.Guille v. Guille, 196 Conn. 260, 266 (1985).
The constitutionality of these statutes and regulations has been established, Feliciano v. Feliciano,37 Conn. App. 856 (1995); 236 Conn. 719 (1996).
The record clearly supports the Plaintiff's obligation to repay the public assistance provided for her daughter and the obligation of the D.S.S. to intercept any tax refunds due the Plaintiff.
The appeal is dismissed.
Robert F. McWeeny, J.