[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12917
This matter originated as a paternity action commenced February 5, 1994 by the Department of Social Services on behalf of the plaintiff mother against the defendant pursuant to General Statutes § 46b-162. Trial was held on March 28, 2000 and this court entered judgment that the defendant is the father of the child Ashley N. Macedo born February 26, 1999.
Both parties were present in court and filed financial affidavits. The plaintiff reported only her net income of $226.74 per week. The defendant father reports an average weekly gross of $363.60 with an after-tax net of $294.27. The defendant father claims consideration for support obligations for three additional minor children. He has a six year old child Caroline Espinosa who is apparently subject to a support order. However, the defendant pays only on the arrearage through the support enforcement system.
The defendant claims he is the father of two other children born and residing in Peru. He claims a son, Carlos, born in Lima in November 1988 and a daughter, Claudia, born at Pueblo Libre on July 21, 1992. The case was continued for him to provided proof of parentage of these children. He produced copies of birth certificates for both children. In each case, the certificate bears the defendant's signature but not the mother's.
None of these children fit the definition of qualified child. "For this deduction to be available to the defendant, the children must live in the same household as the defendant as their legal guardian, or, if not their legal guardian, they must have lived in the same household for six of the twelve months immediately preceding the determination. Regs., Conn. State Agencies, § 46b-215a-2a(e)(1)(A)(i)." Kerr v. Busgith, 14 S.M.D. ___ (2000). The court can not grant a qualified child deduction for these children.
The child support guidelines provide for a deduction from an obligor's gross income when determining a child support obligation for "court-ordered . . . child support awards for individuals not involved in the support determination." Regs., Conn. State Agencies §46b-215a-1(1)(F). Thus, a deduction is only allowed for court-ordered child support obligations. There is no child support order for Carlos and Claudia. Although the defendant claims to be making regular support payments, in the absence of a court he would not be eligible for this deduction. There is a support order for Caroline but the defendant is CT Page 12918 only paying on the arrearage. Accordingly he is not allowed a deduction under this section.
The defendant may be entitled to a deviation under Regs., Conn. State Agencies § 46b-215a-3(b)(4)(B) for "verified support payments made by a parent for his . . . dependent child not residing with such parent." Alternatively, he may be eligible for a deviation under §46b-215a-3(b)(6)(C) based on "[o]ther equitable factors. The threshold issue to warrant consideration for these deviations is whether the defendant can prove that he provides regular support and that he is legally obligated to support these children." Kerr v. Busgith, 14 S.M.D. ___ (2000).
The defendant claims that he provides support for Caroline on a regular basis. However in view of the existence of a support judgment the court finds that under these facts any consideration for support paid for Caroline must fall under Regs., Conn. State Agencies §46b-215a-1(1)(F). Since he does not qualify for that deduction he can not circumvent the regulation by obtaining a deviation. Favrow v. Vargas,222 Conn. 699, 715, 610 A.2d 1267 (1992); Feliciano v. Feliciano,37 Conn. App. 856, 859, 658 A.2d 141 (1995), aff'd, 236 Conn. 719,674 A.2d 1311 (1996). Thus none is allowed for Caroline.
The defendant testified that he regularly sends monthly payments of $50.00 to $100.00 to Peru for Carlos and Claudia. The court finds his testimony credible and finds as a matter of fact that he regularly sends such payments and that they are intended for support of the children. There is no evidence that there exists any support order for either child in this country or in Peru.
The defendant never married the mother of either child nor has there been a court adjudication of parentage. "The question rests upon whether there has been a procedure recognized in law analogous to our acknowledgment provisions by which the defendant is recognized as the father or otherwise has a legal obligation to support the children." Kerrv. Busgith, 14 S.M.D. ___ (2000).
In Peru*, the only means of legitimating a child born out of wedlock are acknowledgment or judicial declaration of paternity. Civil Code of Peru, Title 2, Art. 387. An acknowledgment may be accomplished either at the time of the birth of the child or at a later time by a signed official declaration. Civil Code of Peru, Title 2, Art. 391; Decreto Ley 22231, Art. 18; Decreto Ley 27337, Art. 7; Decreto Ley 26002, Art. 58. The acknowledgment must be registered in the birth records registry. Civil Code of Peru, Title 2, Art. 390. An acknowledgment can be denied only for a period of 90 days after having CT Page 12919 received knowledge of the act." Civil Code of Peru, Title 2, Art. 400. Thereafter, "recognition or acknowledgment of a child is unconditional and irreversible." Civil Code of Peru, Title 2, Art. 395.
Unlike Connecticut and most other jurisdictions an acknowledgment signed by one parent is valid unless challenged within the prescribed time. "A child born out of wedlock may be acknowledged by both the father and the mother or by only one of them." Civil Code of Peru, Title 2, Art. 388. In fact, in the case of acknowledgment by one parent, he may not reveal" the name of the other parent. Decreto Supremo No. 015-98-PCM, Art. 37. Notwithstanding this latter provision the birth certificates for both Claudia and Carlos reveal the names of their mothers. The birth certificates for both children appear to comply with the foregoing provisions of Peruvian law.
Under principals of comity, this court recognizes the validity of both birth certificates and as provided under the Laws of Peru, recognizes the defendant as the acknowledged father of Carlos and Claudia. Such children are legally entitled to support from their father. Civil Code of Peru, Title 2, Art. 414. In summary, the court finds that these two children are legally recognized as the defendant's children under Peruvian law, a legal obligation to support exists, and the defendant makes regular voluntary payments of support for both children. Accordingly the court grants a deviation to the defendant pursuant to Regs., Conn. State Agencies § 46b-215a-3(b)(4)(B) for support provided to the two children in Peru.
In determining the support order for Ashley, the child support guidelines require that the court first state the presumptive amount required by the computation prior to considering any deviation. Regs., Conn. State Agencies, § 46b-215a-3(a). Based on the financial affidavits submitted by the parties the court finds the defendant father to have a gross income of $363.60 per week with a net of $294.08. The plaintiff mother has an average weekly net income of $226.74. The guidelines computation submitted by the Department of Social Services is found to be substantially correct. The presumptive current support order is $69.45 per week plus $13.89 per week on the arrearage making a total of $83.34 weekly.
In determining the effect of the deviation granted for support provided to the children in Peru, the court has considered the effect of the child support guidelines as if a line 9 deduction had been allowed for these payments and equitable considerations. Accordingly, the defendant is ordered to pay $64.25 per week current support for Ashley. The court also invokes the same deviation criteria as well as other equitable considerations", particularly the financial burden and priority given to CT Page 12920 current support obligations and grant a deviation to $3.75 per week on the arrearage, making a total payable order of $68.00 per week. The order is effective November 1, 2000. As required by General Statutes §§46b-231(r) and 52-362, immediate income withholding is ordered.
The defendant claims that he has provided voluntary support for Ashley. This is confirmed by the mother. However there is no documentary verification of payments. The court will allow a credit of $150.00 against the claim for past due support. The court finds an arrearage of $1,413.50 to the State of Connecticut and $4,558.32 to the plaintiff as of October 31, 2000.
The child support guidelines require the court to provide an order for medical and dental insurance coverage. Regs., Conn. State Agencies, § 46b-215a-2a(g)(1). Accordingly, each parent is ordered to provide medical and dental insurance for the benefit of the minor child as available at reasonable cost on a group basis through an employer or union. The provisions of General Statutes § 46b-84(e) are incorporated, and each parent is ordered to provide the other parent and the State verification of such insurance on or before November 30, 2000 and thereafter within 30 days of a reasonable request. The plaintiff is ordered to certify this order to any disclosed insurance carrier.
The child support guidelines also require this court to order payment of the children's "medical and dental expenses that are not covered by insurance or reimbursed in any other manner." Regs., Conn. State Agencies, § 46b-215a-2a(g)(3). The guidelines call for recomputation of the parties' respective net incomes by adjusting the same for the amount of the support order, arriving at an adjusted "net disposable income". However, having deviated as to the current support order the court will also deviate on the contribution to unreimbursed medical costs. Each parent is ordered to pay 50% of any unreimbursed or uninsured medical or dental costs. The child support guidelines now also require the court to make an order regarding a contribution by the noncustodial parent to child care costs. Regs., Conn. State Agencies, §46b-215a-2a(h). Accordingly, each parent is ordered to pay 50% of any qualified child care costs.
The defendant is ordered to pay the current support and arrearage order through the State of Connecticut Support Enforcement Division as they may instruct. The arrearage portion of the order is allocated to the plaintiff except when she is owed no arrearage, in which event it shall apply to the State's arrearage. Regs., Conn. State Agencies, §46b-215a-4a(b)(2). The arrearage order shall apply against any arrearage, past, present or future, unless modified or terminated by court order or discharge of all support obligations by the defendant. CT Page 12921
Judgment is entered accordingly. Costs are awarded to the State in the amount of $30.40. The State may at its discretion apply the periodic arrearage payment to reimburse itself its costs.
Harris T. Lifshitz Family Support Magistrate