[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MENORANDUM OF DECISION RE: MOTION TO STRICK (#106)
The plaintiff, Victor Racaniello, a retired Darien police officer, brought this action for a declaratory judgment against the defendant, the Town of Darien, alleging that the defendant breached a contract and unilaterally reduced the plaintiff's pension. The plaintiff seeks, inter alia, "[r]einstatement of [his] full regular pension benefit entitlements . . . [and a] attorney's fees. CT Page 3035
The defendant filed a motion to strike the complaint "because Plaintiff has failed to join a party that not only has an interest in the proceedings but is indispensable to the litigation." The defendant also moved to strike "Plaintiff's claim for attorney's fees, as Plaintiff's complaint offers no statutory, contractual, or other basis for claiming such fees."
The purpose of a motion to strike is to contest the legal sufficiency of the allegations or any complaint, or count thereof, or to state a claim upon which relief may be granted. See Peter-Michael Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998); Practice Book § 10-39(a)(1) (formerly § 152(1)). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Minqachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liliedahl Brothers. Inc. v. Griqsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup. Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The motion to strike may also be used to contest the legal sufficiency of any prayer for relief. See Kavarco v. T.J.E.,Inc., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984); Central NewHaven Development Corp. v. Potpourri. Inc., 39 Conn. Sup. 132,133, 471 A.2d 681 (1993); Practice Book § 10-39(a)(2) (formerly § 152).
Whenever a party wishes to contest . . . the legal sufficiency of any such complaint . . . or any count thereof, because of the absence of any necessary party . . . that party may do so by filing a motion to strike the contested pleadings or part thereof.' (Citations omitted.) George v. St. Ann's Church,182 Conn. 322, 325, 438 A.2d 97 (1980)." Blois v. Chevrier, Superior Court, Judicial District of New Haven at New Haven, Docket No. 388974 (Dec. 11, 1997, Hartmere, J.).
"A party is necessary if its presence is absolutely required in order to assure a fair and equitable trial." Biro v. Hill,214 Conn. 1, 6, 570 A.2d 182 (1990). "`Necessary parties' have been CT Page 3036 defined as [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on and finally determine the entire controversy, and do complete justice by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties." (Alterations in original; internal quotation marks omitted.) Id., 5-6.
"Parties have been termed indispensable when their interest in the controversy is such that a final decree cannot be made without either effectuating that interest or leaving the controversy in such a condition that its final disposition may be inconsistent with equity and good conscience." (Internal quotation marks omitted.) Hilton v. New Haven, 233 Conn. 701,722, 661 A.2d 973 (1995); see also W.G. Glennev Co. v. Bianco,27 Conn. App. 199, 203, 604 A.2d 1345 (1992).
"Connecticut courts have held that a necessary party to a contract action is one who has, at the least, signed as a party to the contract." Blois v. Chevrier, supra, Superior Court, Docket No. 388974. In the present case, the agreement in question is a collective bargaining agreement between the Darien Police Association and the Town of Darien. Therefore, in order to enforce the agreement, both the Darien Police Association and the Town of Darien are necessary parties. Since the Darien Police Association has not been made a party to the suit, the defendant's motion to strike the complaint on the ground that the plaintiff "failed to join a party that not only has an interest in the proceedings but is indispensable to the litigation" is hereby granted.
The defendant further moves to strike the plaintiff's claim for attorney's fees on the ground that the "complaint offers no statutory, contractual, or other basis for claiming such fees." "In Connecticut, absent statutory or contractual authorization, attorney's fees are not recoverable, and absent such authorization, a trial court may not award attorney's fees. . . ." Oakley v. Commission on Human Rights Opportunities, 38 Conn. App. 506, 520, 662 A.2d 137 (1995), aff'd237 Conn. 28 (1996). "Attorney's fees are not a recoverable element of damages unless such recovery is specifically authorized by statute or a contract between the parties." PucciCT Page 3037v. The Rocky Point Club. Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 138676 (Mar. 23, 1995, D'Andrea, J.) (citing Plikus v. Plikus, 26 Conn. App. 174,179, 599 A.2d 392 (1991); Gionfriddo v. Avis Rent-a-Car Systems,Inc., 192 Conn. 280, 297, 472 A.2d 306 (1984)).
In this case, the plaintiff does not allege that it is entitled to attorney's fees because of any existing contractual obligation, and does not indicate that any statute authorizes that award. Therefore, the defendant's motion to strike the prayer for relief seeking attorney's fees is granted.
Since the plaintiff failed to join a necessary party, and the prayer for relief seeking recovery of attorney's fees is improper, the defendant's motion to strike the plaintiff's complaint in its entirety is hereby granted.
HICKEY, J.