## Barbara Oakley *v.* Commission on Human Rights and Opportunities et al.
### (12900)

Dupont, C. J., and Heiman and Hennessy, Js.

Argued March 22—decision released July 25, 1995

*Charles Krich,* staff attorney, with whom, on the brief, was *Philip A. Murphy, Jr.,* commission counsel, for the appellant (named defendant).

*A. Susan Peck,* for the appellee (plaintiff).

*Richard Blumenthal,* attorney general, and *Carolyn K. Querijero,* assistant attorney general, filed a brief for the named defendant as amicus curiae.

DUPONT, C. J. The defendant state commission on human rights and opportunities appeals from the trial court's granting of the plaintiff's motion for attorney's fees and expenses pursuant to General Statutes § 4-184a. The commission claims that (1) the trial court did not have jurisdiction to entertain the plaintiff's motion because it was filed nearly five months after the final judgment was rendered, (2) the plaintiff is barred from recovering attorney's fees and expenses because she failed to request them in her appeal petition, and (3) the amount requested by the plaintiff and granted by the trial court was unreasonable under the facts and circumstances of this case. The attorney general has submitted a brief as amicus curiae. We affirm the decision of the trial court.

Certain facts are relevant to this appeal. The underlying action is a sex discrimination case filed with the commission by the plaintiff against her employer, the defendant state judicial branch. The plaintiff alleged in her complaint that she was hired in December, 1989, as a "Maintenance Administrator," and discovered shortly thereafter that she had been given the title "Associate Maintenance Administrator," that two males had been hired at about the same time with the title "Maintenance Administrator," and that the two males with the superior title were compensated at a salary higher than that of the plaintiff. The plaintiff further alleged that all three positions require the same knowledge, skill and abilities, and that, therefore, the judicial branch had discriminated against her on the basis of sex and had denied her equal pay for equal work

in violation of General Statutes §§ 46a-58 (a), 46a-60 (a) (1), 46a-70 (a) and 31-75, and in violation of Title VII of the federal Civil Rights Act of 1964 and the federal Equal Pay Act of 1963.

Upon receipt of the plaintiff's complaint, the commission commenced its investigation. In early February, 1991, a commission investigator concluded that there was no reasonable cause to believe that a discriminatory practice had occurred and prepared a draft finding to that effect. In his draft finding, the investigator recommended that the complaint be dismissed for lack of evidence. The investigator gave the draft finding to his supervisor, who forwarded it to the plaintiff with a cover letter advising the plaintiff that she had fourteen days to comment on the draft finding.

Upon receipt of the draft finding, the plaintiff requested that the commission give her copies of all evidence produced in connection with her case. The commission investigator sent the plaintiff copies of that evidence. The plaintiff then submitted her comments on the draft finding to the commission. The commission supervisor notified the plaintiff that her comments had been received and would be reviewed to determine if additional investigation or a change in the draft finding would be warranted.

After reviewing the plaintiff's comments, the commission investigator telephoned the plaintiff's supervisor at the judicial branch to discuss the plaintiff's comments. The plaintiff's supervisor asked the investigator to fax him a copy of the comments. Upon reviewing the plaintiff's comments, the plaintiff's supervisor faxed the investigator a memorandum in which he set forth his responses to the plaintiff's comments on the draft finding. The plaintiff's supervisor claimed in this memorandum that the plaintiff refused to follow department procedure for handling maintenance jobs

and that maintenance problems had developed "because of [the plaintiff's] continual overextension of her authority . . . ." The memorandum also discussed the plaintiff's job title as printed on business cards, in the judicial branch directory, and on monthly report forms, and that the plaintiff's personnel file would be "marked to reflect" her "being insubordinate." Finally, the plaintiff's supervisor questioned the impartiality of the plaintiff's witnesses.[1]

After faxing his memorandum to the commission investigator, the plaintiff's supervisor telephoned him and requested that the substance of his memorandum not be included in any response that the investigator might make to the plaintiff's comments because the statements in the memorandum were "subjective."

The investigator placed the memorandum in the commission case file, but did not tell the plaintiff about it or about his telephone conversations with the plaintiff's supervisor. Instead, he wrote his own memorandum to the commission supervisor rebutting the plaintiff's comments on the draft finding.

A few days later, the commission supervisor wrote to the plaintiff's attorney to acknowledge receipt of the plaintiff's comments and to advise the attorney that the commission supervisor and the investigator had determined that further investigation was not warranted. She further advised the plaintiff's attorney that she would endorse and forward to the commission the investigator's recommendation that the plaintiff's complaint be dismissed. She did not mention the memorandum from the plaintiff's supervisor.

Shortly thereafter, the commission issued its "Finding of No Cause and Summary," which is almost iden-

---

[1] The trial court characterized this memorandum in its memorandum of decision as "an aggressive, adversarial response to the plaintiff's comments . . . ."

tical to the draft finding and which recommends dismissal of the plaintiff's complaint for lack of evidence. By letter dated March 28, 1991, the chairperson of the commission notified the plaintiff that she had accepted the recommendation to dismiss the complaint for lack of sufficient evidence and that the plaintiff could apply for reconsideration of the disposition.

The plaintiff requested reconsideration of the dismissal of her complaint. After reviewing the request, a commission staff attorney recommended dismissal of the complaint. The chairperson approved this recommendation and dismissed the complaint.

On July 23, 1991, the plaintiff appealed to the Superior Court pursuant to General Statutes § 4-183 on several grounds[2] and requested that her case be remanded to the commission.[3] The plaintiff's petition further requested "[s]uch other relief as the court may deem fair and equitable." After her appeal was filed, the plaintiff learned of the ex parte communication between the commission investigator and the plaintiff's supervisor, and on December 11, 1991, moved to supplement the agency record by showing that there were procedural irregularities in the commission's handling of her complaint. The motion was granted and a hearing was

[2] The plaintiff claimed that (1) the commission investigator applied the wrong legal standard in evaluating the plaintiff's claim, (2) the investigator failed to distinguish between her claims of discriminatory treatment and her claim of unequal work, (3) the investigator failed to consider the plaintiff's comments and additional evidence submitted in response to the draft finding in violation of General Statutes (Rev. to 1991) § 46a-83 (b), (4) the commission's finding of no cause was unreasonable in light of the substantial evidence in the record, and (5) the investigator performed adjudicatory functions and employed procedures that deprived the plaintiff of due process of law.

[3] It is unclear what precise relief the plaintiff sought. In her demand for relief, the plaintiff requested that the case be remanded to the commission with instructions to proceed to a hearing on her complaint. At oral argument, however, the plaintiff stated that she sought a remand for a new investigation.

held at which the plaintiff produced evidence concerning the commission investigator's ex parte communication with the plaintiff's supervisor.

In a memorandum of decision dated September 3, 1992, the court ruled that the commission had violated General Statutes (Rev. to 1991) § 46a-83 (b)[4] in investigating the plaintiff's complaint and that the violation had substantially prejudiced the plaintiff's right to a fair investigation and resolution of her complaint. The court sustained the plaintiff's appeal and remanded the case pursuant to General Statutes § 4-183 (j)[5] for a new investigation of the plaintiff's complaint.[6]

On February 3, 1993, the plaintiff filed a motion for attorney's fees and costs under General Statutes § 4-184a, claiming that she was entitled to compensation for 96.2 hours of work billed at the rate of $150 an hour, plus costs of $473.20, for a total of $14,903.37. The plaintiff requested $7500, the maximum amount allowed by § 4-184a. The commission filed an objection, challenging the plaintiff's right to recover fees and expenses on several grounds.[7] The defendant judicial

---

[4] General Statutes (Rev. to 1991) § 46a-83 (b) provides in relevant part: "Before issuing a finding of reasonable cause or no reasonable cause, the commissioner or investigator shall afford each party and his representative an opportunity to provide written or oral comments on *all* evidence in the commission's file . . . . The commissioner or investigator shall consider such comments in making his determination. . . ." (Emphasis added.)

[5] General Statutes § 4-183 (j) provides in relevant part: "The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decision are: (1) In violation of constitutional or statutory provisions . . . (3) made upon unlawful procedure . . . . If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may . . . remand the case for further proceedings. . . ."

[6] The commission has since made a draft finding of reasonable cause in the plaintiff's complaint, reversing its earlier finding.

[7] The commission argued that (1) § 4-184a does not provide for attorney's fees, (2) the motion was untimely and the court no longer had jurisdiction to consider it, (3) the plaintiff waived her right to attorney's fees because

branch also filed an objection.[8] On September 20, 1993, the Superior Court ruled for the plaintiff and found the requested amount of $14,903.37 to be reasonable, but reduced the award to $7500, the maximum amount allowed by § 4-184a. The commission thereafter filed this appeal.

Our standard of review differs for the commission's three claims. Because the issues of whether the trial court had jurisdiction over the plaintiff's motion five months after the final judgment was rendered, and whether a party may waive fees under § 4-184a by not expressly requesting them in the petition to the Superior Court raise questions of law rather than fact, those issues are subject to our plenary review. *Gateway Co.* v. *DiNoia,* 232 Conn. 223, 229, 654 A.2d 342 (1995); *Langan* v. *Weeks,* 37 Conn. App. 105, 112, 655 A.2d 771 (1995). With regard to the commission's claim that the amount the trial court awarded the plaintiff was unreasonable, this court has in other contexts held that the assessment of attorney's fees is a matter within the trial court's discretion. *Stamford* v. *Kovac,* 36 Conn. App. 270, 279, 650 A.2d 626 (1994). The plain language of § 4-184a (a) (2) provides that a court may award reasonable attorney's fees "not in excess of seven thousand five hundred dollars . . . reasonably incurred in opposing the agency action . . . ." " 'In deter-

she failed to claim them in her appeal to the Superior Court, (4) the plaintiff failed to demonstrate she was a "person" as defined by General Statutes § 4-184a (a) (1), (5) the plaintiff had not demonstrated that the action of the commission "was undertaken without any substantial justification" pursuant to § 4-184a (b), and (6) the plaintiff had not established that the attorney's fees and costs were reasonable.

[8] The judicial branch argued that (1) it was not an agency within the meaning of General Statutes § 4-184a, (2) the plaintiff did not request attorney's fees and costs in her appeal, (3) the motion was untimely, (4) there was no evidence or allegations that the judicial branch's actions were undertaken without any substantial justification, and (5) the plaintiff did not establish that she was a "person" within the meaning of § 4-184a (a) (1).

mining whether the trial court has abused its discretion, an appellate court should entertain every reasonable presumption in favor of the trial court's decision.' " Id., 277. The commission's third claim, therefore, will be reviewed under the abuse of discretion standard.

## I

### JURISDICTION

We first address the commission's argument that because the plaintiff filed her motion for attorney's fees nearly five months after the judgment sustaining the plaintiff's appeal was rendered, the motion was time barred and the trial court did not have subject matter jurisdiction to consider the motion.

Section 4-184a (b) provides in relevant part that "[i]n any appeal by an aggrieved person of an agency decision taken in accordance with section 4-183 and in any appeal of the final judgment of the superior court . . . the court may, in its discretion, award to the prevailing party, other than the agency, reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification." This statute provides no express time limitation for the filing of requests for these fees. Moreover, there are no published decisions in Connecticut addressing the timeliness of such motions. This issue, therefore, is one of first impression in Connecticut.

The commission makes several arguments to support its claim that the Superior Court did not have jurisdiction to consider the motion five months after final judgment was rendered. In its brief, the commission urges us to adopt the four month limitation applicable to certain postjudgment motions provided by Practice Book § 326[9]

---

[9] Practice Book § 326 provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing

and General Statutes § 52-212 (a).[10] The commission notes that the Supreme Court has adopted this four month limitation in other contexts. See *In re Baby Girl B.*, 224 Conn. 263, 284–87, 618 A.2d 1 (1992); *State* v. *Wilson,* 199 Conn. 417, 437, 507 A.2d 1367 (1986). The commission also argues in its primary brief that administrative appeals are occasionally treated as civil actions for various purposes; see *Haylett* v. *Commission on Human Rights & Opportunities,* 207 Conn. 547, 548, 541 A.2d 494 (1988) (return date); *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 356–57, 514 A.2d 749 (1986) (may use civil summons to initiate administrative appeal rather than citation); and that this appeal should also be treated as a civil action. In its reply brief and at oral argument, however, the commission abandoned that position and adopted the position advocated in the amicus brief that this court should adopt a thirty day time limit on § 4-184a motions in accordance with rule 9 (f) of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut.[11]

jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. . . ."

[10] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident, or other reasonable cause from prosecuting the action or making the defense."

[11] Rule 9 (f) of the Local Rules of Civil Procedures for the United States District Court for the District of Connecticut provides in relevant part that "Motions for attorneys' fees . . . shall be filed . . . within 30 days of the entry of judgment. Any motions not complying with this rule shall be denied."

The commission urges that a ruling by this court that the trial court here did have jurisdiction to consider the plaintiff's motion is tantamount to a ruling that trial courts have unlimited and indefinite jurisdiction over postjudgment motions filed under § 4-184a, even though in other contexts, absent the filing of an appeal or a motion to open the judgment, the trial court's jurisdiction expires after four months, unless there has been a waiver by the parties. The commission asserts that because both it and the judicial branch filed objections to the plaintiff's motion, there was no waiver of this four month limitation here. The commission also notes the strong public interest in the finality of legal proceedings, and that, because as a practical matter costs cannot be assessed until after the judgment, there cannot be an unlimited time in which the prevailing party can file a motion to recover those costs.

The commission finally argues that because § 4-184a contains two significant departures from the common law, it must be strictly construed, which counsels against a broad reading of the right to recovery under the statute. The two departures to which the commission refers are the general principle that each litigant bears the cost of his own suit and the rule of sovereign immunity.

Although the commission has raised important policy considerations, we find the plaintiff's arguments more persuasive. The plaintiff argues that the award of attorney's fees under § 4-184a is a matter within the discretion of the trial court, and, further, that neither the rules of practice nor the federal rules should dictate the timeliness of motions made under § 4-184a. The plaintiff claims that the award of attorney's fees under § 4-184a cannot interfere with the merits or the finality of the judgment.

The plaintiff primarily relies on the United States Supreme Court decision in *White* v. *New Hampshire Dept. of Employment Security,* 445 U.S. 445, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982). *White* addressed the issue of the timeliness of a postjudgment request for an award of attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.[12] The issue presented to the court in *White* was whether the plaintiff's postjudgment request for an attorney's fee award under § 1988, filed four and one-half months after judgment was entered, was subject to the ten day limitation of rule 59 (e) of the Federal Rules of Civil Procedure.[13] The plaintiff's original complaint in *White,* as here, did not specifically request attorney's fees, but did request "such other and further relief as may be equitable and just." *White* v. *New Hampshire Dept. of Employment Security,* supra, 447.

The court in *White* held that "a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action—issues to which Rule 59 (e) was never intended to apply. Section 1988 provides for awards of attorney's fees only to a 'prevailing party.' Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.' " Id., 451–52. The court also noted that § 1988 "authorizes the award of attorney's fees 'in [the] discretion' of the court. . . . This discretion will support a denial of fees in cases in which a

[12] Title 42 of the United States Code § 1988 provides in relevant part: "In any action or proceeding to enforce [certain federal civil rights statutes], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

[13] Rule 59 (e) of the Federal Rules of Civil Procedure provides: "A motion to alter or amend a judgment shall be served not later than 10 days after the entry of the judgment."

postjudgment motion unfairly surprises or prejudices the affected party. . . . [T]he district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." Id., 454.

We agree with the plaintiff that the attorney's fees provided for in § 1988 are similar to those provided for in § 4-184a in that they are unaffected by the merits of the action, requiring an inquiry separate from the judgment itself, and their award is a matter entirely within the discretion of the trial court. The trial court's grant or denial of a motion filed under § 4-184a does not open, modify, or in any way affect the judgment. It is therefore inappropriate to apply time limitations that govern these types of motions.

We hold that postjudgment motions under § 4-184a must be filed within a reasonable time of the entering of the final judgment, and that the determination of whether such a motion has been filed within a reasonable time is a matter within the discretion of the trial court. The commission conceded at oral argument before this court that five months could be a reasonable amount of time in which to file a motion for attorney's fees under § 4-184a, but that in the present case it was an unreasonable amount of time because the commission had no notice of the plaintiff's claim for fees. We disagree with this position because the statute gives notice that such fees may be sought.

In this case, we conclude that there was no abuse of discretion in the trial court's consideration of the plaintiff's motion almost five months after the rendering of the final judgment because neither objection filed by the defendants claimed unfair prejudice or surprise.

## II

### WAIVER

The commission's next claim is that because the plaintiff did not expressly request attorney's fees in her appeal from the dismissal of her claim of sex discrimination, she waived her right to them. The commission reiterates its argument that § 4-184a is in derogation of both the general rule requiring parties to pay their own attorney's fees and the rule of sovereign immunity, and that, therefore, a party seeking fees under § 4-184a must specifically plead and prove that the agency action was undertaken without substantial justification. The commission also argues that had it known that the plaintiff was going to request fees under § 4-184a, it would have appealed from the trial court's remand of the plaintiff's complaint, and that, therefore, the plaintiff's failure to request the attorney's fees in her petition to the Superior Court effectively deprived it of proper notice of the full extent of its potential liability.

Attorney's fees may be awarded under § 4-184a only "if the court determines that the action of the agency was undertaken without any substantial justification." In both the September 3, 1992 memorandum of decision remanding the plaintiff's complaint to the commission and the September 20, 1993 memorandum of decision awarding the plaintiff attorney's fees, the trial court cites with disapproval the commission's ex parte communication with the plaintiff's supervisor and the commission's failure to disclose to the plaintiff the supervisor's memorandum, contrary to the plaintiff's statutory right under § 46a-23 to review and comment on all adverse evidence in the agency file. The September 20, 1993 memorandum of decision makes a clear finding that the commission's actions with regard to

the plaintiff's supervisor and his memorandum were taken without substantial justification. The commission makes no attempt to refute this finding, but rather argues that the plaintiff's request for attorney's fees should have been made in her appeal petition or in an amended appeal petition, and that her failure to make the request in that form and at that time constitutes a waiver of those fees. We disagree.

At the time she filed her appeal petition in July, 1991, the plaintiff was unaware of either the commission's ex parte communication with her supervisor or of the existence of a memorandum written by that supervisor in the agency file. It was, therefore, impossible for her to include allegations of those particular procedural irregularities, which eventually became the subject of the award of attorney's fees under § 4-184a. In December, 1991, the plaintiff brought the commission's actions to the court's attention by way of a motion to supplement the agency record, and it is clear that the trial court decided both to remand the case and to award attorney's fees on the basis of the evidence produced at the hearing on that motion. The commission should not be allowed to rely on the fact that its inappropriate actions were disclosed after the filing of the appeal petition to preclude relief to this plaintiff.

Furthermore, we agree with the plaintiff that the allegation that the commission's actions were taken without substantial justification was implicit in her appeal petition. The appeal petition alleges, among other things, that the commission failed to take into account the plaintiff's comments and evidence, and that the commission's "investigation and handling of plaintiff's complaint was perfunctory, arbitrary, capricious and an abuse of discretion." These allegations were sufficient to alert the commission that attorney's fees could

be sought under § 4-184a (b) if a court found that "the action of the agency was undertaken without any substantial justification."

"[I]t is not essential to the sufficiency of a complaint alleging a statutory cause of action that the precise terms of the applicable statute 'be either counted upon or recited.' " *Bouchard* v. *People's Bank*, 219 Conn. 465, 470, 594 A.2d 1 (1991). Moreover, complaints must be construed in the manner most favorable to sustaining their legal sufficiency. Id., 471.

Finally, we agree with the plaintiff that her request for "[s]uch other relief as the court may deem fair and equitable" entitled her to an award of attorney's fees within the discretion of the trial court. In Connecticut, absent statutory or contractual authorization, attorney's fees are not recoverable, and absent such authorization, a trial court may not award attorney's fees where a party has requested "such other relief as the court deems appropriate." *Plikus* v. *Plikus*, 26 Conn. App. 174, 179, 599 A.2d 392 (1991). Here, however, § 4-184a provides clear statutory authorization for the award of attorney's fees. Because neither the commission nor the defendant judicial branch claimed unfair prejudice or surprise, and because § 4-184a provides clear statutory authority for the discretionary award of attorney's fees, we hold that the plaintiff's request for "such other relief" entitled her to an award of attorney's fees under § 4-184a within the court's discretion, and that the failure expressly to plead entitlement under § 4-184a was not a waiver of the claim.

## III

### REASONABLENESS OF AWARD

Finally, the commission argues that the amount requested by and awarded to the plaintiff was unreasonable under the circumstances.

If a trial court finds under § 4-184a (b) that the action of the agency was "undertaken without any substantial justification," the court may, "in its discretion," a vard "reasonable fees and expenses in addition to other costs . . . ." Section 4-184a (a) (2) defines reasonable fees and expenses as "any expenses not in excess of seven thousand five hundred dollars which the court finds were reasonably incurred in opposing the agency action, including court costs, expenses incurred in administrative proceedings, attorney's fees, witness fees of all necessary witnesses, and such other expenses as were reasonably incurred." The plaintiff here requested, and the court awarded, the maximum amount of $7500. The commission argues that this amount was unreasonable because the plaintiff prevailed on only one of the issues raised in her appeal petition. The commission also implies that the trial court did not give this matter careful consideration, but merely gave a "rubber stamp" to the plaintiff's request.

Where a statute contains no standard by which a court is to award attorney's fees, it is left "to the sole discretion of the trial court to determine if attorney's fees should be awarded and the amount of such an award." *Staehle* v. *Michael's Garage, Inc.*, 35 Conn. App. 455, 461, 646 A.2d 888 (1994). " 'The amount of attorney's fees to be awarded rests in the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion: "A court has few duties of a more delicate nature than that of fixing counsel fees. The degree of delicacy increases when the matter becomes one of review on appeal. The principle of law, which is easy to state but difficult at times to apply, is that only in case of a clear abuse of discretion by the trier may we interfere. . . . The trier is always in more advantageous position to evaluate the services of counsel than are we." ' " (Citations omitted.) *Ruwet-Sibley Equipment Corp.* v. *Steb-*

*bins*, 15 Conn. App. 21, 27, 542 A.2d 1171, cert. dismissed, 209 Conn. 806, 548 A.2d 437 (1988). "When reviewing a claim that the trial court abused its discretion, every reasonable presumption should be given in favor of its correctness, and the ultimate issue is whether the court could have reasonably concluded as it did." *Misinonile* v. *Misinonile*, 35 Conn. App. 228, 232, 645 A.2d 1024, cert. denied, 231 Conn. 929, 649 A.2d 253 (1994).

The plaintiff here produced a detailed bill for the trial court's consideration, reflecting the amount of work done. On the basis of the record before us, we cannot say that the amount awarded was an abuse of the trial court's discretion.

The judgment is affirmed.

In this opinion the other judges concurred.