## BARBARA OAKLEY *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES ET AL.
### (15316)

Peters, C. J., and Callahan, Berdon, Norcott and Katz, Js.

Argued April 24—officially released May 14, 1996

*Charles Krich*, assistant commission counsel, with whom, on the brief, was *Philip A. Murphy, Jr.*, commission counsel, for the appellant (named defendant).

*Hope C. Seeley*, for the appellee (plaintiff).

*Lawrence W. Berliner* filed a brief for the acting executive director of the office of protection and advocacy for persons with disabilities as amicus curiae.

*Richard Blumenthal*, attorney general, and *Carolyn K. Querijero* and *Hugh Barber*, assistant attorneys general, filed a brief for the attorney general as amicus curiae.

PER CURIAM. The sole issue in this case is whether the trial court has jurisdiction to consider a motion for

attorney's fees pursuant to General Statutes § 4-184a[1] if that motion is filed approximately five months after a final judgment on the merits of the underlying administrative appeal. The plaintiff, Barbara Oakley, appealed to the Superior Court from the decision of the named defendant, the commission on human rights and opportunities (commission), dismissing her complaint of sexual discrimination by the defendant, the state judicial branch. In her appeal, the plaintiff requested a remand for further consideration by the commission and "[s]uch other relief as the Court may deem fair and equitable." On September 3, 1992, the trial court sustained the plaintiff's appeal and ordered the remand that she had requested. On February 3, 1993, the plaintiff filed a motion seeking attorney's fees. The trial court awarded attorney's fees to the plaintiff in the amount of $7500, the maximum specified in § 4-184a (a) (2). The Appellate Court, in response to the appeal of the commission, upheld the validity of the award of attorney's fees to the plaintiff. *Oakley* v. *Commission on Human Rights & Opportunities*, 38 Conn. App. 506, 662 A.2d 137 (1995). We granted the commission's petition for certification to appeal, limited to the question of the trial court's

---

[1] General Statutes § 4-184a provides in relevant part: "Award of reasonable fees and expenses to certain prevailing parties in appeals of agency decisions. (a) For the purposes of this section:

"(1) 'Person' means a person as defined in section 4-166, but excludes (A) an individual with a net worth in excess of five hundred thousand dollars . . . .

"(2) 'Reasonable fees and expenses' means any expenses not in excess of seven thousand five hundred dollars which the court finds were reasonably incurred in opposing the agency action, including court costs, expenses incurred in administrative proceedings, attorney's fees, witness fees of all necessary witnesses, and such other expenses as were reasonably incurred.

"(b) In any appeal by an aggrieved person of an agency decision taken in accordance with section 4-183 . . . the court may, in its discretion, award to the prevailing party, other than the agency, reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification."

jurisdiction to act on the plaintiff's motion for attorney's fees and costs.[2] We affirm the judgment of the Appellate Court.

The concern raised by the certified question is the fairness of countenancing a substantial delay in the filing of a motion for attorney's fees, a delay that results in the adjudication of the motion long after the expiration of the time for further appeal of the trial court's judgment on the merits of the underlying administrative appeal. We recognize the legitimacy of this concern. Despite its legitimacy, the concern is one that cannot be addressed through the process of appellate review but requires a change in the appropriate provisions either of the General Statutes or of the Practice Book. See *Kupstis* v. *Michaud*, 215 Conn. 435, 437, 576 A.2d 152 (1990).

After examining the record on appeal and after considering the briefs and the arguments of the parties, we conclude that, on the present state of the law, the commission cannot prevail in its contention that the trial court lacked jurisdiction to consider the plaintiff's motion for attorney's fees. Because the jurisdictional issue was fully addressed in the thoughtful and comprehensive opinion of the Appellate Court, it would serve no useful purpose for us to elaborate further on the discussion therein contained. Cf. *Feliciano* v. *Feliciano*, 236 Conn. 719, 722, 674 A.2d 1311 (1996); *Gajewski* v. *Pavelo*, 236 Conn. 27, 30, 670 A.2d 318 (1996); *Sharp* v. *Wyatt, Inc.*, 230 Conn. 12, 16, 644 A.2d 871 (1994); *Whisper Wind Development Corp.* v. *Planning & Zoning Commission*, 229 Conn. 176, 177, 640 A.2d 100 (1994).

The judgment of the Appellate Court is affirmed.

---

[2] We granted the commission's petition for certification, limited to the following issue: "Did the Appellate Court correctly conclude that the Superior Court had jurisdiction to consider the plaintiff's motion for fees and expenses under General Statutes § 4-184a?" *Oakley* v. *Commission on Human Rights & Opportunities*, 235 Conn. 917, 665 A.2d 609 (1995).