[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs brought an action for malicious erection of a fence, for maintenance of a nuisance and that the plaintiffs had a prescriptive easement across a portion of the defendants' driveway. They sought equitable and legal relief. By way of equitable relief they requested an injunction to require the defendants to remove the fence and resurface the driveway. They also demanded money damages for the damage cause by the fence and resurfacing of the driveway. The defendants brought a counterclaim for a quiet title and requested as relief costs and a judgment quieting title.
After a trial before the court, judgment was entered in favor of the defendants on all counts of the complaint and on the counterclaim on July 19, 1999. On August 10, 1999, the defendants filed a bill of costs. On August 20, 1999, the plaintiffs filed an objection to the bill of costs. Their first claim is that since costs were not awarded as part of the judgment, they may not be claimed later. They also assert that in an equitable cause of action, costs are discretionary and must be awarded as part of the judgment or not at all. Union Trust Co. v. Stamford TrustCo., 72 Conn. 86, (1899).
However, Practice Book § 18-5 sets forth the procedure for the awarding of costs. It does not require that costs be part of the judgment, merely stating that they may be taxed by the clerk fourteen days after filing of a written bill of costs. Section18-15 provides in pertinent part that where legal an equitable matters are involved in the same transaction and are joined in the same complaint, the costs upon the whole case shall be at the discretion of the judicial authority. As to when costs may be filed the Appellate Court has held that a party has a reasonable time after judgment to file for costs under C.G.S. § 4-184a. It is within the trial court's discretion whether such motion was filed within a reasonable time. Oakley v. Commission on HumanRights and Opportunities, 38 Conn. App. 506 (1995), affirmed237 Conn. 28 (1996) (five months was a reasonable time). Furthermore, CT Page 331 the plaintiffs claim that this action was purely equitable is not correct since they also claimed monetary damages.
The defendants next claim that the costs claimed in Section II of the bill of costs are excessive and beyond the amounts authorized by statute. Finally, they specifically object to the fee of Daniel O'Neill, an engineer retained by the defendants.
They cite the case of Lurie Associates, Inc. v. Tomik Corp.,37 Conn. App. 865 (1995) for the proposition that the statutes allow for the recovery of fees for expert testimony only of such experts as are listed in C.G.S. § 52-257 (c) or § 52-260. That case is distinguishable from the instant case in that Lurie
was a civil action for money I damages not a partially equitable action like the instant case. Accordingly, the court is not limited to the costs allowed under those statutes.
Awarding of costs is solely within the discretion of the trial court where equitable relief is demanded. Rizzo Pool v. David DelGrosso, 240 Conn. 58, 67 (1997). The court's discretion is unaffected by the limitation of C.G.S. § 52-257 to tax costs in actions in which equitable relief is awarded. McCormick v.Hartford Insurance Co., 1990 Conn. Supra. Lexis 199, Judicial District of New Haven (Hodgson, J.) (May 7, 1990). C.G.S. §52-257 (e) provides that "the provisions of this section shall not interfere with the discretion of the court in taxing costs in which equitable relief is demanded."
In response to the plaintiffs' claim that the costs are excessive, the defendants point out that the costs were reasonable and necessary to defend the case and prove the counterclaim. The court finds that the amounts claimed were the actual expenses paid by the defendants for expert testimony and deposition. The court also finds that the opinions and testimony of the witnesses for whom costs are claimed were necessary to prove the defendants' case and help to the court in deciding the case.
Accordingly, the court approves the bill of costs in the total amount of $6,777.05.
D. Michael Hurley, Judge Trial Referee CT Page 332