TRAYSTMAN, CORIC AND KERAMIDAS, P.C. *v.*
ANDREW J. DAIGLE
(SC 17591)

Borden, Norcott, Katz, Vertefeuille and Zarella, Js.

---

Argued January 4—officially released May 15, 2007

Lloyd L. Langhammer, with whom, on the brief, was Matthew J. Curtiss, for the appellant (plaintiff).

James H. Lee, with whom were Martin M. Rutchik and Andrew J. Daigle, pro se, for the appellee (defendant).

*Opinion*

VERTEFEUILLE, J. The primary issue in this appeal[1] is whether the trial court properly awarded attorney's fees to the defendant, Andrew J. Daigle, pursuant to General Statutes § 42-150bb[2] on the basis of a bill of

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] General Statutes § 42-150bb provides: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. Except as hereinafter provided, the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party. No attorney's fee shall be awarded to a commercial party who is represented by its salaried employee. In any action in which the consumer is entitled to an attorney's fee under this section and in which the commercial party is represented by its salaried employee, the attorney's fee awarded to the consumer shall be in a reasonable amount regardless of the size of the fee provided in the contract or lease for either party. For the purposes of this section, 'commercial party' means the seller, creditor, lessor or assignee of any of them, and 'consumer' means the buyer, debtor, lessee or

costs filed pursuant to Practice Book § 18-5.[3] We conclude that it did not and we reverse the judgment of the trial court.

The factual background of the underlying action is set forth in the Appellate Court's opinion in *Traystman, Coric & Keramidas, P.C.* v. *Daigle*, 84 Conn. App. 843, 844–45, 855 A.2d 996 (2004). In that decision, the Appellate Court considered the enforceability of a promissory note in the amount of $26,973 executed by the defendant in favor of the plaintiff, Traystman, Coric and Keramidas, P.C., a law firm, to secure payment for services that the plaintiff had provided in connection with the defendant's marital dissolution proceedings. Id. The Appellate Court concluded that the trial court's determination that the promissory note was void because the defendant had executed it under duress was not clearly erroneous. Id., 849. Accordingly, the Appellate Court affirmed the trial court's judgment in favor of the defendant. Id.

The Appellate Court's opinion was released on September 7, 2004. On October 21, 2004, the defendant filed a second amended bill of costs[4] in which he requested costs in the amount of $1287.19 for defending the action on the note. Specifically, the defendant requested $50 for "[p]roceedings before trial" (item one); $75 for

---

personal representative of any of them. The provisions of this section shall apply only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes."

[3] Practice Book § 18-5 (a) provides: "Except as otherwise provided in this section, costs may be taxed by the clerk in civil cases fourteen days after the filing of a written bill of costs provided that no objection is filed. If a written objection is filed within the fourteen day period, notice shall be given by the clerk to all appearing parties of record of the date and time of the clerk's taxation. The parties may appear at such taxation and have the right to be heard by the clerk."

[4] The defendant initially filed a bill of costs on April 3, 2003, approximately one month after the trial court's judgment while the appeal to the Appellate Court was pending.

"[t]rial" (item two); $200 for "[d]efense of claim" (item three); $30 for "[d]eposition" (item four); $121.35 for "[m]arshal fee for service" (item five); $310.84 for "[t]ranscripts used in evidence" (item six); $200 for "[i]nvestigative costs" (item seven); $100 for "[a]ppellate proceeding" (item eight); and $200 for "[r]eproduction of appellate briefs" (item nine).

In addition, the defendant requested attorney's fees of $350 pursuant to Practice Book § 17-13[5] based on an offer of judgment he had made but that had been rejected by the plaintiff in the underlying action, and "attorney's fees of approximately $11,048.75 for trial and approximately $20,000 for the appellate matter" pursuant to § 42-150bb. The defendant stated that "[t]he approximate fee for trial is based upon [the] plaintiff's estimated counsel fees as stated by [the] plaintiff's counsel in his [t]rial [b]rief of February 25, 2003, for a period ending February 27, 2003. The approximate fee for the appellate matter was determined by an estimate of the fee for [the] plaintiff's counsel. Upon substantiation of actual fees charged by [the] plaintiff's counsel for both the trial and the appeal, the actual attorney's fee for [the] defendant's counsel can be determined. The method of determination of fees of [the] defendant's counsel is in accordance with . . . § 42-150bb . . . ."

The plaintiff objected generally to the defendant's bill of costs on the ground that no costs had been taxed

---

[5] Practice Book § 17-13 provides in relevant part: "If the plaintiff does not, within the time allowed for acceptance of the offer of compromise and before any evidence is offered at the trial, file the plaintiff's notice of acceptance, the offer shall be deemed to be withdrawn and shall not be given in evidence; and the plaintiff, unless recovering more than the sum specified in the offer, with interest from its date, shall recover no costs accruing after the plaintiff received notice of the filing of such offer, but shall pay the defendant's costs accruing after said time. Such costs may include reasonable attorney's fees in an amount not to exceed $350. . . ."

Section 17-13 was amended in 2006, effective January 1, 2007, for purposes not relevant to this appeal. For convenience, we refer to the current version of the rule.

in favor of either party. It also objected specifically to items three and five through nine,[6] to the request for $350 in attorney's fees pursuant to Practice Book § 17-13, and to the request for attorney's fees pursuant to § 42-150bb. With respect to the request for attorney's fees pursuant to § 42-150bb, the plaintiff claimed that the defendant was not entitled to such fees because: (1) he never had filed a counterclaim or requested attorney's fees in any claim for relief; (2) attorney's fees cannot be requested in a bill of costs; (3) the defendant had provided no supporting documentation; (4) § 42-150bb did not apply to this case; and (5) the request was untimely under Practice Book § 11-21.[7] The defendant then filed a reply to the plaintiff's objection in which he claimed that: (1) the contract between the parties was a consumer contract subject to § 42-150bb; (2) under that statute, the amount of the award should be based on the fee that the defendant would have been required to pay to the plaintiff if it had prevailed; (3) the defendant previously had filed bills of costs claiming attorney's fees but, in any event, he was not required to give notice of his intent to make such a claim prior to judgment under *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 689 A.2d 1097 (1997); and (4) the trial court's general knowledge of the trial constituted a sufficient

---

[6] The plaintiff objected to item three because it is "not a taxable item of costs"; to item five because there was no basis for the marshal fees allegedly incurred by the defendant; to item six because there was no authority for transcript fees; to item seven because there was no authority for the investigative cost; and to items eight and nine because appellate costs must be sought from the appellate clerk pursuant to Practice Book § 71-2.

[7] Practice Book § 11-21 provides: "Motions for attorney's fees shall be filed with the trial court within thirty days following the date on which the final judgment of the trial court was rendered. If appellate attorney's fees are sought, motions for such fees shall be filed with the trial court within thirty days following the date on which the appellate court or supreme court rendered its decision disposing of the underlying appeal. Nothing in this section shall be deemed to affect an award of attorney's fees assessed as a component of damages."

basis for the determination of a reasonable attorney's fee without additional documentation.

The court clerk granted items one, two and four of the defendant's bill of costs in the amount of $155 and advised the parties that item three and the requests for attorney's fees pursuant to Practice Book § 17-13 and § 42-150bb had been referred to the trial court. The court conducted a hearing on the bill of costs on February 14, 2005. The court first addressed the plaintiff's objections to items three and five through nine. With respect to item three, the court found that the case was sufficiently difficult to come within General Statutes § 52-257 (a) (3), and awarded the $200 defense costs. After a brief discussion of items five through nine, the defendant waived his claims for each of those items. Addressing the plaintiff's claim for $350 in attorney's fees pursuant to Practice Book § 17-13, the court concluded that it should award that item. The court then noted that § 17-13 provided that the plaintiff "shall also pay [the] defendant's costs accruing after [receipt of the defendant's offer of compromise]," and asked the defendant whether he had requested any such costs. The defendant responded that all of the items in the bill of costs "should be picked up under the fact that [the plaintiff] didn't accept the [defendant's offer of compromise]." After additional discussion, and over the plaintiff's objection, the court concluded that it would award items five through nine "upon produc[tion] of the bills to support those costs."

The court then addressed the defendant's claim for attorney's fees pursuant to § 42-150bb. Counsel for the defendant argued that, under the statute, the defendant was entitled to attorney's fees in the amount that the plaintiff, as the commercial party to the underlying consumer contract, had expended in attorney's fees during the trial of the action. He noted that, in its trial brief on the underlying action on the promissory note, the

plaintiff had represented that its attorney's fees through the conclusion of the trial amounted to $11,048.75. Counsel for the defendant also gave the trial court a copy of a letter from the defendant to counsel stating that counsel would represent him for $125 per hour and one third of any reduction of the amount owed by the defendant on the promissory note, less any accumulated hourly charges. Counsel for the plaintiff objected that the letter had not been marked as an exhibit and that he had had no opportunity to cross-examine counsel for the defendant with regard to the letter. The court remarked that "[t]he letter doesn't mean a thing," and stated that it would not "award anything if [counsel for the defendant did not] give [the court] a number."

At that point, pursuant to a subpoena duces tecum that the defendant previously had served on counsel for the plaintiff, counsel for the defendant asked counsel for the plaintiff to take the witness stand to produce the plaintiff's legal bills and to testify as to the amount of the plaintiff's attorney's fees. Counsel for the plaintiff objected that the defendant could not seek attorney's fees under § 42-150bb without having filed a counterclaim seeking that specific relief and that the statute did not apply to this action in any event. He further argued that the defendant had failed to comply with the timing provisions of Practice Book § 11-21. The court overruled the objections and counsel for the defendant again asked counsel for the plaintiff to take the witness stand. Counsel for the plaintiff then pointed out that he had filed a motion for a protective order and a motion to quash the defendant's subpoena. The court stated that it would not require counsel for the plaintiff to produce any documents, but ordered him to tell counsel for the defendant the amount of his fees for trying this action. Counsel for the plaintiff responded that the fees were approximately $12,000.

The defendant also argued at the hearing that he was entitled to $20,000 in attorney's fees for the proceedings on appeal to the Appellate Court. In support of that claim, the defendant relied on an affidavit from Wesley Horton, an attorney specializing in appellate law, stating that a reasonable fee for handling the appeal would be $30,000 if Horton personally had handled the appeal and $20,000 if one of his partners had handled the appeal. The affidavit had been attached to the defendant's December 21, 2004 reply to the plaintiff's objection to the second amended bill of costs.

At the close of the hearing, counsel for the plaintiff requested that he be allowed to submit a brief on the issue of whether the defendant had met his burden of establishing a basis for an award of attorney's fees. The trial court responded that all briefs were to have been filed on the date of the hearing and that no further briefs would be allowed.

On February 15, 2005, the day after the hearing, counsel for the defendant sent a letter to the trial court, with a copy to counsel for the plaintiff, to which he attached several pages of typewritten notes concerning his representation of the defendant, a bill in the amount of $270.83 from a court reporter for the transcript of a proceeding on February 4, 2003, a bill in the amount of $40.81 from a court reporter for the transcript of a proceeding on December 18, 2002, and a bill in the amount of $121.35 from a state marshal for service of three subpoenas. On March 10, 2005, the plaintiff filed a motion to recuse in which it claimed that, as a result of the letter and other materials sent by counsel for the defendant to the trial court, which the plaintiff characterized as an ex parte communication, the appearance of impartiality on the part of the trial court had been compromised. After a hearing, the court denied the motion to recuse.

On April 18, 2005, the trial court issued its memorandum of decision on the bill of costs. With regard to the claim for attorney's fees pursuant to § 42-150bb, the court concluded that: (1) the statute applied to the contract for legal services between the plaintiff and the defendant and to the promissory note that guaranteed payment for those services; (2) the statute does not contain a time limit for requesting attorney's fees and, therefore, Practice Book § 11-21 did not apply and the defendant was required only to file his request within a reasonable time; and (3) under this court's decision in *Rizzo Pool Co.* v. *Del Grosso*, supra, 240 Conn. 58, the defendant was not required to give notice of his intention to request attorney's fees pursuant to § 42-150bb by bringing a counterclaim for relief. The court declined to address the plaintiff's claims that a request for attorney's fees cannot be made in a bill of costs and that the defendant had failed to present evidence in support of his claim because the plaintiff had not provided any authority for those propositions. The court awarded $11,500 in attorney's fees for the trial proceedings and $20,000 for the appellate proceedings. The court also awarded costs in the amount of $311.64 for the preparation of the transcripts and $121.35 for marshal fees.[8] This appeal followed.

The plaintiff claims on appeal that the trial court improperly concluded that § 42-150bb applies in this case because: (1) the underlying contract had been found void; (2) the plaintiff was not a commercial party; and (3) the promissory note did not contain a reciprocal attorney's fees clause. The plaintiff further claims that, even if the statute applies, the court improperly granted the request for attorney's fees because: (1) the defen-

---

[8] The court did not include in the judgment the $350 in attorney's fees that it had awarded pursuant to Practice Book § 17-13 at the February 14, 2005 hearing. The defendant has not raised any claim concerning this amount in the present appeal.

dant had failed to present sufficient evidence to support an award of attorney's fees; (2) no timely motion for attorney's fees had ever been filed pursuant to Practice Book § 11-21; and (3) the court had no statutory authority to award attorney's fees in excess of $350 in a proceeding on a bill of costs. Finally, the plaintiff claims that the trial court had no statutory authority to award costs for the preparation of transcripts and state marshal fees. The defendant claims, essentially as an alternate ground for affirmance, that, if the plaintiff is correct that he was required under Practice Book § 11-21 to file a motion for attorney's fees within thirty days of the date that the Appellate Court rendered its decision, we may review the trial court's action as the effective equivalent of granting a motion for attorney's fees. In addition, the defendant claims that the trial court properly could have excused his failure to comply with the time limitation of the rules of practice because it is merely directory.[9] We conclude that the trial court improperly granted the defendant's request for attorney's fees because he failed to file a timely motion for attorney's fees pursuant to Practice Book § 11-21. Accordingly, we need not address the plaintiff's other claims pertaining to the award of attorney's fees pursuant to § 42-150bb. We further conclude that the trial court improperly awarded costs for the preparation of transcripts and state marshal fees.

At the outset, we set forth our standard of review. Whether the defendant followed the proper procedure,

---

[9] The defendant also claims that the plaintiff failed to preserve its claims that the trial court was not authorized to award attorney's fees pursuant to § 42-150bb in a proceeding on a bill of costs and that certain other costs awarded by the trial court were not authorized by statute. We disagree. A fair reading of the plaintiff's objection to the bill of costs and the transcript of the February 14, 2005 hearing reveals that the plaintiff raised these claims. The defendant also points out that the trial court concluded that the plaintiff had failed to provide any authority for its assertions. As we have indicated, the burden is on the party claiming costs to establish a statutory authority for an award.

under the governing statutes and the rules of practice, for requesting attorney's fees pursuant to § 42-150bb and, if not, whether the trial court was nevertheless authorized to grant his request for attorney's fees, are questions of law over which our review is plenary. See *State* v. *Pare*, 253 Conn. 611, 621–22, 755 A.2d 180 (2000).

"The law expects parties to bear their own litigation expenses, except where the legislature has dictated otherwise by way of statute. *Verrastro* v. *Sivertsen*, 188 Conn. 213, 217, 448 A.2d 1344 (1982). Costs are the creature of statute . . . and unless the statute clearly provides for them courts cannot tax them." (Internal quotation marks omitted.) *Davis* v. *Westport*, 61 Conn. App. 834, 853–54, 767 A.2d 1237 (2001). Section 42-150bb clearly authorizes an award of attorney's fees to "the consumer who successfully prosecutes or defends an action or a counterclaim" on a consumer contract or lease. The statute does not, however, specify the procedure for requesting an award of attorney's fees. Similarly, Practice Book § 18-5 (a) provides for the filing of a written bill of costs, but does not specify the costs that may be requested in that filing. Although these provisions are silent as to the proper procedure for requesting attorney's fees pursuant to § 42-150bb, for the following reasons, we conclude that the trial court improperly awarded such fees based on a request in a bill of costs pursuant to Practice Book § 18-5 (a).

First, the costs to be included in a bill of costs generally are of a type that may be granted automatically by the court clerk. See *Fengler* v. *Northwest Connecticut Homes, Inc.*, 215 Conn. 286, 291, 575 A.2d 696 (1990) ("[a]n examination of . . . § 52-257, entitled '[f]ees of parties in civil actions,' reveals that most of the awards are automatic assessments, not involving the discretion of the court"). We recognized in *Fengler* that there were exceptions to this general rule in "[§ 52-257] (d) concerning minor specific matters and [§ 52-257] (e)

reserving to the court its time-honored discretion in taxing costs in actions in which equitable relief is granted."[10] Id. We also recognize that the fees and costs that may be requested in a bill of costs are not necessarily limited to those listed in § 52-257, or even to those included in chapter 901 of the General Statutes governing fees and costs in civil litigation. We have concluded, for example, that a trial court properly granted a bill of costs for reasonable appraisal fees filed pursuant to General Statutes § 8-133. See *Northeast Ct. Economic Alliance, Inc.* v. *ATC Partnership*, 272 Conn. 14, 45–50, 861 A.2d 473 (2004); see also General Statutes § 52-195 (authorizing award of costs accruing after plaintiff received notice of defendant's offer of judgment, including reasonable attorney's fees not to exceed $350). Nevertheless, it is implicit in our statutes governing recoverable costs, and our rules of practice expressly contemplate, that the costs requested in a bill of costs generally are intended to be of a type that the court clerk may grant automatically. See Practice Book § 18-5 (a) ("costs may be taxed *by the clerk* in civil cases" [emphasis added]). As the court clerk in the present case properly recognized, the determination of a reasonable attorney's fee pursuant to § 42-150bb requires the exercise of the trial court's discretion and is not subject to automatic assessment by the clerk.

Second, and more fundamentally, Practice Book § 11-21 provides a specific postjudgment procedure for seeking statutory attorney's fees. See Practice Book, 1999, § 11-21, commentary (rule "is aimed principally at statutory attorney's fees") and therefore is controlling; see

---

[10] See also General Statutes § 52-257 (a) (3) (providing for allowance of fee not to exceed $200 "in difficult or extraordinary cases . . . in the discretion of the court"); General Statutes § 52-257 (b) (4) (providing for award for services of expert on value of land when such value is in dispute in amount "court or judge determines to be reasonable"); General Statutes § 52-257 (b) (12) (providing for award for "reasonable expenses incurred" in taping, transcribing and presentation of certain depositions).

*Sullivan* v. *State*, 189 Conn. 550, 555–56 n.7, 457 A.2d 304 (1983) ("when general and specific statutes conflict they should be harmoniously construed so the more specific statute controls" [internal quotation marks omitted]). Practice Book § 11-21 was adopted in 1999, apparently in response to concerns raised by the Appellate Court's decision in *Oakley* v. *Commission on Human Rights & Opportunities*, 38 Conn. App. 506, 662 A.2d 137 (1995), aff'd, 237 Conn. 28, 675 A.2d 851 (1996). See Practice Book, 1999, § 11-21, commentary; *Oakley* v. *Commission on Human Rights & Opportunities*, supra, 237 Conn. 30 (recognizing unfairness of allowing substantial delay after judgment in awarding attorney's fees but concluding that concern must be addressed by changing statutes or rules of practice).[11] The Appellate Court had concluded in *Oakley* that postjudgment motions for attorney's fees under General Statutes § 4-184a "must be filed within a reasonable time of the entering of the final judgment, and that the determination of whether such a motion has been filed within a reasonable time is a matter within the discretion of the trial court." *Oakley* v. *Commission on Human Rights & Opportunities*, supra, 38 Conn. App. 517. It is reasonable to conclude that the rule requiring motions for attorney's fees to be filed within thirty days of a final judgment was adopted in recognition of the fact that a determination of reasonable attorney's fees requires the trial court to have fresh familiarity with the nature and conduct of the case that is not required

---

[11] The trial court relied on the Appellate Court's decisions in *Oakley* and in *Jacques All Trades Corp.* v. *Brown*, 57 Conn. App. 189, 194–95, 752 A.2d 1098 (2000), in support of its conclusion that, because § 42-150bb is silent as to the time limit for its enforcement, a request for attorney's fees under the statute must be filed within a reasonable time. Both of those decisions involved requests for attorney's fees that had been made before the adoption of § 11-21 in 1999. See id., 195 (defendant moved for award of attorney's fees pursuant to § 42-150bb on July 28, 1997); *Oakley* v. *Commission on Human Rights & Opportunities*, supra, 38 Conn. App. 511 (plaintiff filed motion for attorney's fees on February 3, 1993).

for an automatic award of costs pursuant to provisions such as those contained in § 52-257. Compare Practice Book § 11-21 (requirement that motion for attorney's fees be filed within thirty days of judgment) with Practice Book § 18-5 (containing no deadline for filing bill of costs); cf. *Oakley* v. *Commission on Human Rights & Opportunities*, supra, 38 Conn. App. 517 (before adoption of § 11-21, five months after judgment was held to be reasonable time within which to file motion for attorney's fees). Moreover, as the facts of the present case establish, unlike the generally modest costs that may be granted automatically by the court clerk, attorney's fees may amount to a substantial award. It is reasonable to conclude that § 11-21 was adopted to avoid an extended period of uncertainty about this potential liability after judgment. Accordingly, we conclude that the proper procedural vehicle for requesting an award of attorney's fees pursuant to § 42-150bb is a motion for attorney's fees pursuant to Practice Book § 11-21, not a bill of costs pursuant to Practice Book § 18-5.

Indeed, the defendant does not appear to dispute this conclusion. Rather, he maintains that, despite his failure to request attorney's fees within the thirty day time limit provided by Practice Book § 11-21, "the trial court nevertheless reached the correct result." Thus, he appears to contend that this court should review the trial court's action as if it had treated his bill of costs as the equivalent of a motion for attorney's fees. He further suggests that, if the trial court had treated his bill of costs as a motion for attorney's fees, it would have had the discretion to excuse his failure to file a request for attorney's fees within thirty days of judgment on the ground that the rule's time limit is directory rather than mandatory.

The principal flaw in the defendant's argument is that, even if it is assumed that there may be circumstances under which a trial court can treat a bill of

costs as a motion for attorney's fees—an issue on which we express no opinion here—the trial court in the present case clearly did not do so. Indeed, the court expressly concluded that Practice Book § 11-21 did *not* apply to a request for attorney's fees pursuant to § 42-150bb, and indicated that it had concluded that it *was* authorized to award such fees in a proceeding on a bill of costs when it stated that it would not address the plaintiff's claim to the contrary because the plaintiff had not provided any authority in support of that claim. Thus, the trial court saw no need to consider whether the time limits provided by § 11-21 are mandatory or directory, or to exercise its discretion to excuse compliance with those time limits. Indeed, in the proceedings before the trial court, the defendant never responded to the plaintiff's claim that the defendant's request for attorney's fees was time barred by § 11-21, never argued that the rule's timing provision was directory rather than mandatory, and never explained why his failure to comply with the rule should be excused. We conclude that, under these circumstances, it would be inappropriate for this court to review the action of the trial court as if it had treated the portion of the defendant's bill of costs requesting attorney's fees pursuant to § 42-150bb as the effective equivalent of a motion for attorney's fees pursuant to Practice Book § 11-21 and had exercised its discretion to excuse compliance with the rule's timing requirement. We conclude, therefore, that the court improperly awarded the fees.

We next address the plaintiff's claim that the trial court improperly awarded costs in the amount of $311.64 for transcript costs and $121.35 for marshal fees. As we previously have indicated, at the February 14, 2005 hearing, the defendant initially had waived his claim for these costs pursuant to § 52-257, thereby implicitly conceding that the costs were not authorized by that statute. The court then indicated that it would

award the costs pursuant to Practice Book § 17-13 if the defendant provided supporting bills. Neither the defendant nor the trial court, however, has identified any statute authorizing these specific costs or provided any authority for the proposition that the costs referred to in § 17-13 may include costs not otherwise authorized by statute. Accordingly, we conclude that the trial court improperly awarded these costs.

The judgment is reversed and the case is remanded to the trial court with direction to amend the judgment to eliminate the award for $31,500 in attorney's fees, $311.64 in transcript costs and $121.35 in marshal fees.

In this opinion the other justices concurred.