******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FREDERICK CORNELIUS *v.* LYDIA ROSARIO ET AL.
(AC 37210)

DiPentima, C. J., and Gruendel and Mullins, Js.*

*Argued January 20—officially released July 26, 2016*

(Appeal from Superior Court, judicial district of
Hartford, Vacchelli, J.)

*Frederick Cornelius*, self-represented, the appellant-
appellee (plaintiff).

*Rebecca M. Harris*, for the appellee-appellant
(named defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Frederick Cornelius, appeals from the judgment of the trial court, awarding the defendant Lydia Rosario, the former tax collector for the city of Hartford (city), attorney's fees and costs incurred by her in successfully defending the plaintiff's 2007 challenge to the tax sale of certain property.[1] On appeal, the plaintiff argues that (1) General Statutes § 12-140 allows for costs only and not attorney's fees, (2) he is not the "delinquent taxpayer" under § 12-140, (3) recovery of attorney's fees pursuant to § 12-140 is preempted by 42 U.S.C. § 1988, and (4) the defendant's motion for attorney's fees was untimely. The defendant has filed a cross appeal, challenging the denial of a portion of the requested attorney's fees and costs. We affirm in part and reverse in part the judgment of the trial court.

The following facts, as set forth in *Cornelius* v. *Rosario*, 138 Conn. App. 1, 51 A.3d 1144, (*Cornelius I*), cert. denied, 307 Conn. 934, 56 A.3d 713 (2012), cert. denied sub nom. *Cornelius* v. *Nelson*,      U.S.     , 134 S. Ct. 386, 187 L. Ed. 2d 28 (2013), are relevant to this appeal. "On November 22, 2004, the plaintiff, a sophisticated real estate investor, purchased . . . property [located at 78 Beacon Street in Hartford] from Mercury [Mortgage Company, Inc. (Mercury)], as an investment property. Neither the plaintiff nor his attorney recorded the warranty deed reflecting the sale in Hartford's land records. The real estate taxes were not paid on the property from January 1, 2004 through July 1, 2007. The defendants [city and Rosario] filed tax liens against the property on June 11, 2004, May 2, 2005, June 16, 2006, and May 25, 2007. On July 12, 2007, the defendants executed a tax levy on the property for unpaid taxes in the amount of $18,698.94, and sold the property to the highest bidders at a tax sale. Prior to executing the tax sale, the defendants attempted to provide notice to all record owners/taxpayers, lienholders, mortgagees and encumbrancers of the property after performing a search of the Hartford land records, city assessor's records and tax division records to determine who was entitled to receive notice. The search of the records revealed that the owner of record was Mercury and that the law firm of Hunt, Leibert, Chester & Jacobson, P.C. (Hunt Leibert), the Metropolitan District Commission (Metropolitan) and the city held liens on the property. There was no record of the plaintiff's interest in the property on Hartford's land records or in the assessor's records. Additionally, there was no record of the plaintiff ever having paid taxes on the property." Id., 5. After the defendants' notice of the tax sale to Mercury was returned as undelieverable, the defendants attempted to find another address for Mercury, and to locate an agent of Mercury. Id., 5–6. They ultimately sent the notice to Mercury's attorney, Hunt Leibert. Id., 6.

In 2008, the plaintiff commenced this action seeking to quiet title and a declaration that the 2007 tax sale of the property was null and void. The plaintiff claimed that the city sold the property without providing proper notice of the sale to him. Rosario was named as a defendant in the action. The plaintiff subsequently amended his complaint to add a count, pursuant to 42 U.S.C. § 1983, for money damages stemming from the alleged violation of his constitutional due process rights. Thereafter, the plaintiff and the defendant each filed a motion for summary judgment. On February 1, 2011, the court granted the defendant's motion for summary judgment and denied the plaintiff's motion for summary judgment. The plaintiff appealed to this court, which affirmed the judgment of the trial court in a decision released September 11, 2012. See *Cornelius I*, supra, 138 Conn. App. 1. On November 27, 2012, our Supreme Court denied the plaintiff's petition for certification to appeal. *Cornelius* v. *Rosario*, 307 Conn. 934, 56 A.3d 713 (2012). On October 7, 2013, the United States Supreme Court denied the plaintiff's petition for a writ of certiorari. *Cornelius* v. *Nelson*,     U.S.     , 134 S. Ct. 386, 187 L. Ed. 2d 28 (2013). On October 8, 2013, the plaintiff filed a motion to open the judgment, which the court denied on December 12, 2013. On January 6, 2014, the plaintiff filed a motion to reargue the denial of his motion to open, which the court denied on January 24, 2014.[2]

On December 18, 2012, the defendant filed a motion for attorney's fees and costs pursuant to § 12-140. In that motion, the defendant claimed that she had incurred $120,114.84 in legal fees and costs in defending the plaintiff's action. The plaintiff opposed the motion, arguing that it was untimely with regard to the fees incurred at trial and premature with regard to the fees incurred on appeal. On March 24, 2014, the defendant filed a second motion for attorney's fees and costs, claiming that she had incurred $139,285.01 in legal fees and costs at the trial court and on appeal. The court initially denied the defendant's motion due to her failure to appear at a hearing to justify the fees or to respond to the plaintiff's arguments against allowance of the fees. The court subsequently allowed reargument, and both sides presented arguments on the merits. At this time, the defendant supplemented her request for attorney's fees and costs, seeking a total award of $140,955.51.

By decision dated July 28, 2014, the court found that the defendant's request for attorney's fees and costs initially incurred in the trial court was untimely. The court further found that the defendant's request for appellate attorney's fees and costs, as well as fees and costs incurred postjudgment to secure the judgment, were recoverable. In sum, the court awarded the defendant a total of $40,824.11 for attorney's fees and costs.

The plaintiff subsequently appealed, and the defendant cross appealed from this judgment.

I

The plaintiff claims that § 12-140 allows for the recovery of only costs and not attorney's fees. The defendant counters that § 12-140 plainly and unambiguously provides for the recovery of attorney's fees. We agree with the defendant.

The plaintiff's claim raises a question of statutory interpretation. "The principles that govern statutory construction are well established. When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us to first consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . Statutory construction concerns a question of law over which we exercise plenary review." (Citation omitted; internal quotation marks omitted.) *Goodwin* v. *Colchester Probate Court*, 162 Conn. App. 412, 427, 133 A.3d 156, cert. denied, 320 Conn. 924, 133 A.3d 878 (2016).

Section 12-140, entitled "Fees, costs and expenses of tax collectors and tax sales," provides: "The fee of collectors for issuing an alias tax warrant shall be six dollars. *All reasonable and necessary costs or expenses* for necessary advertising, postage on notices, and reasonable sums paid town clerks or other persons for examining records to ascertain encumbrances upon property sold, for preparing notices at the direction of the tax collector, for drafting collector's deeds, *for attorney's fees, for all fees and costs incurred by the municipality in defending any civil action brought as a result of a tax sale or an alias tax warrant* or which seeks to enjoin or declare unlawful any tax sale or alias tax warrant, for the services of auctioneers, clerks and other persons retained to assist the collector in conducting the tax sale, for filings in the land records, fees paid to any federal, state or local government entity or agency *and for any other fees and expenses incurred or otherwise provided by law shall be paid by the delinquent taxpayer or as provided in section 12-157.*" (Emphasis added.) The court held that this statute unambiguously allowed an award of reasonable attorney's fees incurred by tax collectors in successfully defending actions challenging tax sales, as occurred in the present case. We agree and conclude that pursuant

to the plain meaning of the statute, the defendant was entitled to seek the recovery of reasonable attorney's fees incurred in defending the plaintiff's action.[3]

## II

The plaintiff next claims that, pursuant to *Cornelius I*, the "delinquent taxpayer" for purposes of § 12-140 is Mercury, not the plaintiff. We disagree.

In *Cornelius I*, the plaintiff argued in part that his interest in the property was reasonably ascertainable, and, therefore, the defendants were constitutionally bound to mail notice of the tax sale to him. *Cornelius I*, supra, 138 Conn. App. 17. We disagreed with the plaintiff, concluding that "[General Statutes § 12-157 (a)] does not require that persons or entities with unrecorded interests be notified, nor does it require a city to search its departments for unrecorded interests. Section 12-157 (a) requires notice only to persons with a recorded interest in the property, and that limitation is consistent with due process." Id., 18.

The plaintiff appears to argue, on the basis of *Cornelius I*, that Mercury was the delinquent taxpayer under 12-140. Contrary to the plaintiff's contention, we did not determine that the Mercury was the delinquent taxpayer in that case. We concluded, rather, that because the plaintiff's interest in the property was unrecorded, he was not entitled to notice of the tax sale. We further held that the defendant complied with the statutory notice provisions of § 12-157 by providing notice to Mercury as the record owner of the property. Id., 13.

It is undisputed that the plaintiff purchased the property from Mercury in 2004. As the trial court noted in its decision, the plaintiff admitted that he was the owner of the property. As such, the plaintiff was required to pay the taxes on the property; having failed to do so, the plaintiff is the delinquent taxpayer pursuant to § 12-140.

## III

The plaintiff next claims that the recovery of attorney's fees pursuant to § 12-140 is preempted by 42 U.S.C. § 1988. We disagree.

As explained in part I of this opinion, § 12-140 permits the court to award reasonable attorney's fees incurred by tax collectors in successfully defending actions challenging tax sales. Pursuant to 42 U.S.C § 1988 (b), however, an award of attorney's fees to a prevailing defendant is permitted only if the plaintiff's claim was "frivolous, unreasonable, or groundless, or [when] the plaintiff continued to litigate after it clearly became so." (Internal quotation marks omitted.) *Singhaviroj* v. *Board of Education*, 301 Conn. 1, 17–18, 17 A.3d 1013 (2011). According to the plaintiff, because the standard for the award of attorney's fees is less restrictive under § 12-140, that section stands as an obstacle to the remedial purposes of 42 U.S.C. § 1983. The plaintiff contends

that it is, therefore, preempted by § 1988.[4]

"The question of preemption is one of federal law arising under the supremacy clause of the United States constitution. . . . Determining whether Congress has exercised its power to preempt state law is a question of legislative intent. The Supreme Court has limited preemption to three circumstances. . . . First, state law is preempted when Congress has made its intent known through explicit statutory language . . . . Second, a state law implicitly is preempted when it regulates conduct in a field that Congress intended the [f]ederal [g]overnment to occupy exclusively. . . . The intent to occupy a particular field may be inferred from a scheme of federal regulation . . . so pervasive as to make reasonable the inference that Congress left no room for the [s]tates to supplement it, or where an [a]ct of Congress touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject. . . . Even with implied field preemption, however, when Congress has legislated in a field which the [s]tates have traditionally occupied . . . [a court starts] with the assumption that the historic police powers of the [s]tates were not to be superseded by the [f]ederal [a]ct unless that was the clear and manifest purpose of Congress." (Citations omitted; internal quotation marks omitted.) *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 69–70, 942 A.2d 345 (2008).

"Third, and finally, a state law may be preempted when it is impossible for a private party to comply with both state and federal law . . . and where under the circumstances of [a] particular case, [the challenged state law] stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. . . . What is a sufficient obstacle is a matter of judgment, to be informed by examining the federal statute as a whole and identifying its purpose and intended effects . . . ." (Internal quotation marks omitted.) Id., 71.

The plaintiff has limited his claim to the third type of preemption, specifically, whether the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." (Internal quotation marks omitted.) Id. Under the circumstances of this case, we do not agree with the plaintiff that § 12-140, which permits the award of attorney's fees for successfully defending a tax sale, stands as an obstacle to 42 U.S.C. § 1988, which governs the award of attorney's fees in actions brought pursuant to 42 U.S.C. § 1983. In considering this claim, we recognize that there is a strong presumption against federal preemption of state and local legislation and that such presumption is especially strong in areas traditionally the province of the states. See *Connecticut Coalition*

*Against Millstone* v. *Connecticut Siting Council*, supra, 286 Conn. 70; *Dowling* v. *Slotnick*, 244 Conn. 781, 794, 712 A.2d 396, cert. denied sub nom. *Slotnik* v. *Considine*, 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998).

As explained by our Supreme Court, a higher standard is required to award attorney's fees to a prevailing defendant in an action brought pursuant to 42 U.S.C. § 1983 because "a more liberal standard would undercut the efforts of Congress to promote the vigorous enforcement of our civil rights laws." (Internal quotation marks omitted.) *Singhaviroj* v. *Board of Education*, supra, 301 Conn. 17–18. Section 1988 of title 42 of the United States Code gives no indication that Congress intended to preempt state laws regarding municipal property taxation, an area typically occupied by the state. Under the plaintiff's reasoning, if a plaintiff raises a § 1983 claim as part of a challenge to a tax sale, a municipality would be unable to recover the attorney's fees and costs incurred to defend the tax sale unless there was a showing that the plaintiff's action was "frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." 42 U.S.C. § 1988 (b). We agree with the defendant that such a holding would have a chilling effect on the use of tax sales as a means of collecting unpaid property taxes. In light of the strong presumption against federal preemption of state and local legislation, particularly in areas traditionally occupied by the states, we decline to find that the recovery of attorney's fees under § 12-140 is preempted by the application of § 1988. See *Fair Assessment in Realty Assn., Inc.* v. *McNary*, 454 U.S. 100, 115–16, 102 S. Ct. 177, 70 L. Ed. 2d 271 (1981) (holding that taxpayers are barred from asserting § 1983 actions against validity of state tax systems in federal court when state law furnishes adequate legal remedy and stating: "The recovery of damages under the Civil Rights Act first requires a declaration or determination of the unconstitutionality of a state tax scheme that would halt its operation. And damages actions, no less than actions for an injunction, would hale state officers into federal court every time a taxpayer alleged the requisite elements of a § 1983 action. We consider such interference to be contrary to [t]he scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts." [Internal quotation marks omitted.]).

IV

We next consider the issues related to the timeliness of the defendant's motions for attorney's fees. These issues are raised in the plaintiff's appeal and the defendant's cross appeal. Specifically, the plaintiff argues that although the court properly denied the defendant's motion for attorney's fees initially incurred in the trial court, it improperly awarded the defendant appellate

attorney's fees, as well as attorney's fees related to defending the plaintiff's postjudgment motion to open. In her cross appeal, the defendant claims that the court erred in denying her motion for attorney's fees related to the initial proceedings in the trial court. The resolution of these claims involves an interpretation of Practice Book § 11-21, which provides in relevant part: "Motions for attorney's fees shall be filed with the trial court within thirty days following the date on which the final judgment of the trial court was rendered. If appellate attorney's fees are sought, motions for such fees shall be filed with the trial court within thirty days following the date on which the appellate court or supreme court rendered its decision disposing of the underlying appeal. . . ."

"As a preliminary matter, we set forth the applicable standard of review. The interpretive construction of the rules of practice is to be governed by the same principles as those regulating statutory interpretation. . . . The interpretation and application of a statute, and thus a Practice Book provision, involves a question of law over which our review is plenary." (Citations omitted; internal quotation marks omitted.) *Wiseman* v. *Armstrong*, 295 Conn. 94, 99, 989 A.2d 1027 (2010).

A

The Plaintiff's Appeal

On November 27, 2012, our Supreme Court denied the plaintiff's petition for certification to appeal the decision in *Cornelius I*. See *Cornelius* v. *Rosario*, supra, 307 Conn. 934. On December 18, 2012, the defendant filed her first motion for attorney's fees and costs. The defendant filed a later motion for attorney's fees and costs on March 24, 2014.[5] As the defendant's first motion was filed within thirty days following the date on which our Supreme Court rendered its decision disposing of the underlying appeal, the motion was timely under § 11-21 with regard to the appellate attorney's fees.[6]

Further, citing *TDS Painting & Restoration* v. *Copper Beach Farm, Inc.*, 73 Conn. App. 492, 516–17, 808 A.2d 726, cert. denied, 262 Conn. 925, 814 A.2d 379 (2002), the court awarded the defendant the attorney's fees and costs that she incurred postjudgment to secure the judgment in her favor. Specifically, the court awarded attorney's fees and costs associated with successfully defending against the plaintiff's petition for a writ of certiorari and the plaintiff's motion to open the judgment.[7] The plaintiff does not dispute that attorney's fees and costs incurred postjudgment are eligible for consideration. He argues, however, that the defendant's motion for attorney's fees and costs was untimely as to these items. We agree that the defendant's motion was untimely with regard to the attorney's fees incurred in defending the plaintiff's motion to open.

On October 8, 2013, following the denial of the peti-

tion for certification by the Connecticut Supreme Court and the denial of the petition for a writ of certiorari by the United States Supreme Court, the plaintiff filed a motion to open. The court denied this motion on December 12, 2013. On January 6, 2014, the plaintiff filed a motion to reargue the denial of his motion to open, which the court denied on January 24, 2014. Notice of the denial of the motion to reargue issued on February 19, 2014.

"The denial of a motion to open is an appealable final judgment." (Internal quotation marks omitted.) *JPMorgan Chase Bank, N.A.* v. *Eldon*, 144 Conn. App. 260, 272, 73 A.3d 757, cert. denied, 310 Conn. 935, 79 A.3d 889 (2013); see also *Misata* v. *Con-Way Transportation Services, Inc.*, 106 Conn. App. 736, 741–43, 943 A.2d 537 (2008). In the present case, the defendant's March 24, 2014 motion for attorney's fees and costs was not filed within thirty days of the denial of the motion to open or within thirty days of the notice of the denial of the motion to reargue the motion to open, as required by Practice Book § 11-21. Accordingly, the court improperly awarded the defendant attorney's fees in connection with defending the plaintiff's motion to open.

## B

### The Defendant's Cross Appeal

Finally, we address the defendant's claim that the trial court improperly declined to award attorney's fees for the fees initially incurred at the trial court. As indicated previously in this opinion, on February 1, 2011, the trial court granted the defendant's motion for summary judgment and denied the plaintiff's motion for summary judgment. On December 18, 2012, the defendant filed her first motion for attorney's fees and costs. The trial court held that because the motion was filed more than thirty days following the date that the final judgment was rendered, it was untimely under Practice Book § 11-21. We agree.

According to the defendant, Practice Book § 11-21 can be read to allow a motion for attorney's fees incurred in the trial court to be filed within thirty days of the final judgment if no appeal is filed and within thirty days of the disposition of the appeal if an appeal is filed. The defendant relies on *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 689 A.2d 1097 (1997) and *Jacques All Trades Corp.* v. *Brown*, 57 Conn. App. 189, 752 A.2d 1098 (2000) in support of this proposition. In *Rizzo Pool Co.*, the plaintiff brought a breach of contract action against the defendants. The plaintiff prevailed at trial, but our Supreme Court reversed the judgment, concluding, inter alia, that the plaintiff's undisputed violation of the Home Improvement Act rendered the contract unenforceable. *Rizzo Pool Co.* v. *Del Grosso*, supra, 60. The matter was remanded to the trial court with

direction to render judgment in favor of the defendants. Id., 61. On remand, the defendants moved in the trial court for attorney's fees pursuant to General Statutes § 42-150bb. Id. The plaintiff objected on the ground that the defendants had not preserved the issue of attorney's fees in their initial appeal. Id. In rejecting this argument, our Supreme Court stated: "[B]ecause the defendants had not been successful, they had neither reason nor opportunity to seek such an award at that time. We do not generally require parties to engage in futile conduct. . . . Consequently, because the defendants were not in a position to raise the issue of attorney's fees until they succeeded on appeal, we fail to see how they were in a position to have waived their claim. Similarly, there was no reason for the defendants to have raised the issue of an award of attorney's fees before this court. This is not an instance of a party seeking to raise an issue after an appeal that could have been raised in the earlier appeal." (Citation omitted; footnote omitted.) Id., 63–64.

In *Jacques All Trades Corp.*, this court followed *Rizzo Pool Co.* with regard to the defendant's motion for attorney's fees, stating: "[S]hortly after successfully defending against [the plaintiff's] claims in our Supreme Court, which finally resolved this matter . . . [the defendant] filed a motion for attorney's fees pursuant to § 42-150bb. Had [the defendant] filed her motion prior to our Supreme Court's decision, when she had not yet successfully defended this matter, her motion pursuant to § 42-150bb would not have been proper. [The defendant's] motion, therefore, was in fact timely and proper." *Jacques All Trades Corp.* v. *Brown*, supra, 57 Conn. App. 201.

Contrary to the defendant's claim, *Rizzo Pool Co.* and *Jacques All Trades Corp.* do not stand for the proposition that a prevailing party in the trial court, such as the defendant in the present case, can await the outcome of any appellate litigation before filing a motion for attorney's fees incurred in securing a favorable final judgment in the trial court. Furthermore, *Rizzo Pool Co.* and *Jacques All Trades Corp.* involved motions for attorney's fees that had been filed prior to the adoption of Practice Book § 11-21 in 1999. That rule provides in relevant part that "[m]otions for attorney's fees shall be filed with the trial court within thirty days following the date on which the final judgment of the trial court was rendered. If appellate attorney's fees are sought, motions for such fees shall be filed with the trial court within thirty days following the date on which the appellate court or supreme court rendered its decision disposing of the underlying appeal." Practice Book § 11-21. Our Supreme Court, interpreting this rule, has stated that Practice Book § 11-21 "provides a specific postjudgment procedure for seeking statutory attorney's fees." *Traystman, Coric & Keramidas, P.C.* v. *Daigle*, 282 Conn. 418, 430, 922 A.2d 1056 (2007). "It is reason-

able to conclude that the rule requiring motions for attorney's fees to be filed within thirty days of a final judgment was adopted in recognition of the fact that a determination of reasonable attorney's fees requires the trial court to have fresh familiarity with the nature and conduct of the case . . . [and] to conclude that § 11-21 was adopted to avoid an extended period of uncertainty about this potential liability after judgment." (Citations omitted.) Id., 431–32. Applying this rationale to the present case, we conclude that the court properly denied the motion for attorney's fees incurred in the trial court as untimely.

The judgment is reversed only as to the award of attorney's fees incurred by the defendant in defending the plaintiff's motion to open the judgment and the case is remanded with direction to determine the appropriate amount of attorney's fees in accordance with this opinion; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] In the original action before the trial court, the defendants included Rosario, Hartford, Albertina Ward, Patricia Franklin, Edward Baum and J& E Investment. The action was withdrawn as to Baum. The court granted a motion to strike as to Ward, Franklin and J&E Investment. The court granted summary judgment in favor of the city and Rosario. See *Cornelius* v. *Rosario*, 138 Conn. App. 1, 51 A.3d 1144, cert. denied, 307 Conn. 934, 56 A.3d 713 (2012), cert. denied sub nom. *Cornelius* v. *Nelson*,      U.S.     , 134 S. Ct. 386, 187 L. Ed. 2d 28 (2013). Although the city and Rosario participated in the prior appeal, for purposes of this opinion, we refer to Rosario as the defendant.

[2] It appears that notice of the January 24, 2014 order denying the plaintiff's motion to reargue issued on February 19, 2014.

[3] We note the plaintiff's contention that the court improperly cited General Statutes (Rev. to 2013) § 12-140, as amended by No. 13-276, § 17, of the 2013 Public Acts, rather than General Statutes (Rev. to 2007) § 12-140, which would have been in effect when this action commenced in 2008. According to the plaintiff, the earlier revision of the statute only allowed for the recovery of "costs incurred by the municipality in defending any civil action" and did not mention attorney's fees. We disagree. The earlier revision of the statute provided: "The fee of collectors for issuing an alias tax warrant shall be six dollars. The fees of collectors upon a levy and sale shall be as follows: For each levy on real or personal property, twenty cents; for each notice posted, filed, published or sent by mail, as required by law, twenty-five cents; for each mile of travel from the residence of the collector to the farthest point where he is by law required to take a notice, or to go to levy upon personal property, and thence back to his residence once, twenty cents; for each sale of real or personal property, four dollars; for each deed or bill of sale, two dollars. *All other reasonable and necessary costs or expenses* for necessary advertising, postage on notices, and reasonable sums paid town clerks or other persons for examining records to ascertain encumbrances upon property sold, for preparing notices at the direction of the tax collector, for drafting collector's deeds, *for attorney's fees, for all costs incurred by the municipality in defending any civil action brought as a result of a tax sale or an alias tax warrant* or which seeks to enjoin or declare unlawful any tax sale or alias tax warrant, for the services of auctioneers, clerks and other persons retained to assist the collector in conducting the tax sale and *for any other fees and expenses incurred,* shall be added to the above fees. All fees and additions provided for by this section shall be paid by the delinquent taxpayer or as provided in section 12-157." (Emphasis added.) General Statutes (Rev. to 2007) § 12-140. Even if the plaintiff is correct and the court should have cited the earlier revision of the statute, the prior revision of the statute also provided for the recovery of attorney's fees by the defendant. The plaintiff, therefore, cannot prevail on this claim.

[4] In considering this claim, the trial court, citing *Simms* v. *Chaisson*, 277 Conn. 319, 332, 890 A.2d 548 (2006), held that because the defendant was seeking attorney's fees pursuant to § 12-140, not 42 U.S.C. § 1988, federal law was not binding. While we agree that federal law is not binding when interpreting a state statute, we note that *Simms* did not involve a claim of federal preemption.

[5] The plaintiff argues that the defendant's motion for attorney's fees and costs was not filed until March 24, 2014. According to the plaintiff, the court improperly "reiterated" the defendant's claim for attorney's fees made on December 18, 2012. Contrary to the plaintiff's contention, our review of the record reveals that a motion for attorney's fees and costs was filed on December 18, 2012. That motion requested trial and appellate attorney's fees. The plaintiff objected to the motion on the ground, inter alia, that "[t]he time limit for certification to the United States Supreme Court is ninety days from the denial of certification to the Connecticut Supreme Court, which occurred on November 27, 2012. The appeal period has not expired, and consequently the ultimate 'prevailing party' which may allow an award of *appellate* attorney's fees under certain circumstances, has not been determined." (Emphasis in original.) The defendant filed another motion for attorney's fees and costs on March 24, 2014. That motion sought attorney's fees related to the initial trial court proceedings, the fees expended in defending the plaintiff's appeals to the Connecticut Appellate Court, the Connecticut Supreme Court, and the United States Supreme Court, as well as the plaintiff's motion to open the judgment and motion to reargue the denial of his motion to open the judgment. The court considered both motions in its ruling, specifically noting that the defendant's March 24, 2014 motion "supplemented an earlier, similar motion dated December 18, 2012" and that her motion was "further supplemented at a hearing held on June 30, 2014."

[6] We disagree with the plaintiff that the motion for attorney's fees and costs was untimely because it was not filed within thirty days of October 7, 2013, the date that the United States Supreme Court denied his petition for a writ of certiorari.

[7] The court denied the defendant's request for certain attorney's fees that were related to her failure to appear at the initial hearing on her motion for attorney's fees and costs.