******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MEADOWBROOK CENTER, INC. *v.* ROBERT
BUCHMAN
(AC 37979)

Lavine, Mullins and Bishop, Js.

*Argued September 13—officially released December 6, 2016*

(Appeal from Superior Court, judicial district of
Hartford, Robaina, J. [judgment]; Wahla, J. [motion for
attorney's fees].)

*Juri E. Taalman*, with whom, on the brief, was *Timothy Brignole*, for the appellant (defendant).

*Edward M. Rosenthal*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. This appeal requires us to assess the interplay between a legislative mandate based on a public policy and a procedural rule of practice. On appeal, the defendant, Robert Buchman, claims that the trial court incorrectly denied his postjudgment motion for attorney's fees, sought pursuant to General Statutes § 42-150bb, on the basis that his motion for attorney's fees was untimely, pursuant to Practice Book § 11-21.[1] We reverse the judgment of the trial court.

The following undisputed procedural and factual background is pertinent to our consideration of the issue on appeal. The plaintiff nursing home facility, Meadowbrook Center, Inc., brought an action against the defendant based on contract and promissory estoppel relating to its care of the defendant's mother. The admission agreement executed by the plaintiff and the defendant, as a responsible party, contained a clause providing for the responsible party to pay the cost of collection, including reasonable attorney's fees, in the event an overdue account is referred to an agency or attorney for collection. Following a trial to the court, *Hon. Robert J. Hale*, judge trial referee, judgment was rendered for the plaintiff in the sum of $47,561.15 with attorney's fees to be decided postjudgment.

On appeal, however, this court reversed the judgment and remanded the case to the trial court with direction to render judgment in favor of the defendant. *Meadowbrook Center, Inc.* v. *Buchman*, 149 Conn. App. 177, 212, 90 A.3d 219 (2014). The order from this court was dated April 8, 2014. Thereafter, on April 30, 2014, the court, *Robaina, J.*, rendered judgment for the defendant. The defendant then submitted a bill of costs on May 16, 2014, and, on June 4, 2014, the thirty-fifth day after judgment, the defendant filed a motion for attorney's fees and costs. On January 29, 2015, the court, *Wahla, J.*, conducted a hearing on the defendant's motion in which he claimed attorney's fees of $74,918.70 and costs of $1337.38. On April 7, 2015, the court issued its decision denying the defendant's motion for attorney's fees on the basis that the motion was not timely. Rejecting the defendant's argument that attorney's fees pursuant to § 42-150bb are a component of damages and, therefore, not subject to the time limits of Practice Book § 11-21, the court stated: "Because I conclude that attorney fees were not a component of damages, the defendant's motion for attorney's fees and costs [is] not timely, hence I am constrained to agree with the plaintiff. The defendant's motion is hereby DENIED."

Following the court's ruling, the defendant filed a motion for reconsideration and reargument on April 17, 2015. In this motion, the defendant argued, inter alia, that the court incorrectly had failed to rule whether the time limit set forth in Practice Book § 11-21 is manda-

tory or directory. The defendant alleged that he had raised this issue in his memorandum of law in support of attorney's fees and at the hearing on his motion. In response, the plaintiff urged the court to not consider the defendant's motion as, "the defendant wants to rehash the same arguments that he already made which were unpersuasive." By order dated May 12, 2015, Judge Wahla denied the defendant's motion for reconsideration and reargument without comment. This appeal followed.

The defendant claims, in essence, that once the court determined that Practice Book § 11-21 governed the defendant's request for attorney's fees, the court should have determined that the time limitation contained in the rule was directory and, therefore, the court should have exercised its discretion to permit a filing that was five days late and, finally, that the court should have awarded attorney's fees in light of the mandate of § 42-150bb and the fact that the defendant's delay in filing was reasonable and minimal.

Our analysis requires discussion of § 42-150bb, captioned "Attorney's fees in action based on consumer contract or lease," and of Practice Book § 11-21, captioned "Motion for Attorney's Fees." In analyzing these two enactments, we must determine whether realizing the statutory entitlement to attorney's fees, pursuant to § 42-150bb, is necessarily limited by the thirty day filing requirement in Practice Book § 11-21, or whether a trial court has the discretion to excuse a filing delay in order to effectuate the public policy of § 42-150bb. On the basis of the record before us, it is clear that the court did not believe it had such discretion, and, therefore, did not exercise it. Because the interpretation of a statute or rule of practice involves a question of law, our review of the trial court's interpretation is plenary. See *Commissioner of Social Services* v. *Smith*, 265 Conn. 723, 734, 830 A.2d 228 (2003).

We first address the statute. Section 42-150bb provides in relevant part: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee *shall be awarded as a matter of law* to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. . . ." (Emphasis added.) The parties do not dispute that, for purposes of the application of § 42-150bb, the plaintiff is a commercial party and the defendant is a consumer. In sum, the provisions of § 42-150bb are applicable to the case at hand.[2]

Our Supreme Court has stated: "Under § 42-150bb, the court has no latitude to deny [attorney's fees] to a consumer who successfully defends an action brought against him by a commercial party." *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 66, 689 A.2d 1097 (1997).

Attorney's fees are available, rather, by operation of law. Id. Therefore, the entitlement to attorney's fees, pursuant to § 42-150bb, is mandatory.[3] Our Supreme Court also has held that mandatory statutory provisions relate to matters of substance. *Statewide Grievance Committee* v. *Rozbicki*, 219 Conn. 473, 480–81, 595 A.2d 819 (1991), cert. denied, 502 U.S. 1094, 112 S. Ct. 1170, 117 L. Ed. 2d 416 (1992). Section 42-150bb is a legislative vehicle for consumer protection that affords consumers, as a matter of law, awards of reasonable attorney's fees for their successful defense or prosecution of actions based on consumer contracts.[4] Accordingly, the entitlement to attorney's fees pursuant to § 42-150bb is a mandatory, substantive right.

We now turn to Practice Book § 11-21, which provides in relevant part: "Motions for attorney's fees *shall* be filed with the trial court within thirty days following the date on which the final judgment of the trial court was rendered." (Emphasis added.) There is no dispute between the parties that the defendant's motion for attorney's fees was untimely as it was not filed within thirty days of judgment, but, rather, five days later. Moreover, the record makes plain that the trial court believed it was constrained to deny the defendant's motion on the basis that it was not timely filed in accordance with § 11-21. The question before us is whether the trial court correctly assumed that the time limitation of § 11-21 is mandatory and not directory.[5] If the former, then the court had no leeway to exercise its discretion. If the latter, however, the court was required to exercise its discretion to determine whether to excuse the tardiness of the defendant's motion and to make an award of attorney's fees.[6] Finally, in a case in which the court has discretion to act, but fails to exercise its discretion, that failure alone is error. *State* v. *Martin*, 201 Conn. 74, 88, 513 A.2d 116 (1986); see also *State* v. *Lee*, 229 Conn. 60, 73–74, 640 A.2d 553 (1994) ("[i]n the discretionary realm, it is improper for the trial court to fail to exercise its discretion").

As a general proposition, our decisional law has made it clear that the rules of practice are not intended to enlarge or abrogate substantive rights. See *In re Samantha C.*, 268 Conn. 614, 639, 847 A.2d 883 (2004). In the case at hand, as we have noted, a consumer's right to attorney's fees pursuant to the mandate of § 42-150bb is substantive as that right represents the core of the statute and the reason for its enactment. Thus, although we recognize the right of the judges of the Superior Court to enact rules of practice for the orderly conduct of the court's affairs, the enforcement of those rules must be accomplished in the light of the substantive rights they are intended to actualize.

Also, in assessing any particular rule of practice, we are guided by the provisions of Practice Book § 1-8, which states: "The design of these rules being to facili-

tate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."

With this foundation in mind, we turn to our analysis of Practice Book § 11-21. At the outset, we note that our Supreme Court has made clear that the proper procedural vehicle for a party seeking attorney's fees in an action based on a consumer contract is by filing a motion pursuant to Practice Book § 11-21. *Traystman, Coric & Kermamides, P.C.* v. *Daigle*, 282 Conn. 418, 432, 922 A.2d 1056 (2007) (*Traystman*). The reach of *Traystman*, however, is not as broad as the plaintiff contends. Contrary to the plaintiff's argument, the court in *Traystman* did not determine whether the thirty day time provision in Practice Book § 11-21 is mandatory. Instead, the court focused its analysis on whether a successful litigant in a consumer contract case could seek attorney's fees as part of a bill of costs filed pursuant to Practice Book § 18-5. Id., 432. Answering this question in the negative, our Supreme Court opined that the appropriate route for a successful party in a consumer contract action is to file a motion for attorney's fees pursuant to Practice Book § 11-21. Id., 432–33.

Importantly, the court in *Traystman* explicitly declined to opine on whether the provisions of Practice Book § 11-21 are mandatory or directory. "[T]he trial court saw no need to consider whether the time limits provided by § 11-21 are mandatory or directory, or to exercise its discretion to excuse compliance with those time limits. Indeed, in the proceedings before the trial court the defendant never responded to the plaintiff's claim that the defendant's request for attorney's fees was time barred by § 11-21, never argued that the rule's timing provision was directory rather than mandatory, and never explained why his failure to comply with the rule should be excused. We conclude that, under these circumstances, it would be inappropriate for this court to review the action of the trial court as if it had treated the portion of the defendant's bill of costs requesting attorney's fees pursuant to § 42-150bb as the effective equivalent of a motion for attorney's fees pursuant to Practice Book § 11-21 and had exercised its discretion to excuse compliance with the rule's timing requirement." Id., 433.

In sum, although our Supreme Court in *Traystman* determined that Practice Book § 11-21 is the appropriate vehicle for a successful party in a consumer contract case to seek attorney's fees, the court did not opine on whether the rule's timing requirement is mandatory or directory.

In analyzing Practice Book § 11-21, we must determine whether the use of the term "shall" creates a mandatory or directory duty, as the use of the word

"shall" does not automatically create a mandatory duty.[7] Our Supreme Court has noted: "[A]lthough we have often stated [that] [d]efinite words, such as must or shall, ordinarily express legislative mandates of a nondirectory nature . . . we also have noted that the use of the word shall, though significant, does not invariably establish a mandatory duty." (Citation omitted; internal quotation marks omitted.) *Teresa T.* v. *Ragaglia*, 272 Conn. 734, 744, 865 A.2d 428 (2005). Rather, the test to apply in determining whether the use of the word "shall" connotes a mandatory duty, or is merely directory, is "whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or convenience. . . . If it is a matter of substance, the statutory provision is mandatory. . . . If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply." (Citations omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Rozbicki*, supra, 219 Conn. 480–81.[8]

In the case at hand, we are persuaded that the thirty day time provision set forth in Practice Book § 11-21 is intended to secure order and dispatch in the timely disposition of a pending issue. Therefore, the time limitation contained in the rule is directory and not mandatory. Indeed, our Supreme Court has observed that § 11-21 was adopted apparently in response to concerns raised following a decision of this court allowing an award of attorney's fees five months after the entry of judgment. *Traystman, Coric & Kermamides, P.C.* v. *Daigle*, supra, 282 Conn. 432 ("[i]t is reasonable to conclude that § 11-21 was adopted to avoid an extended period of uncertainty about this potential liability after judgment"); see Practice Book (1999) § 11-21, commentary; *Oakley* v. *Commission on Human Rights & Opportunities*, 237 Conn. 28, 30, 675 A.2d 851 (1996).

From this review, we glean two important facts. First, the purpose of the timing provision in Practice Book § 11-21 is procedural and intended to facilitate the progress of the case since the timing of such a motion does not go to the essence of the right to reasonable attorney's fees. Second, the purpose of the timing provision in § 11-21 is to avoid a long period of delay between judgment and a request for attorney's fees.[9]

In light of the public policy of § 42-150bb to balance the equities between commercial contractors and consumers, the mandate of the statute that attorney's fees be awarded to a consumer who successfully defends a consumer contract claim, we conclude that the timing provision of Practice Book § 11-21 is directory and not

mandatory. To hold to the contrary would rigidly exalt form over substance and, in the case of a minor failure to adhere to the rule's timing requirement, would prevent the court from fulfilling the public policy driven mandate of the statute.

Our reasoning is consistent with the analysis of our Supreme Court regarding an analogous rule of procedure. In *Statewide Grievance Committee* v. *Rozbicki*, supra, 219 Conn. 480, our Supreme Court was called upon to assess Practice Book (1991) § 31 (a) (now Practice Book § 2-47 [a]) concerning the attorney grievance procedure. In part, § 31 (a) stated: "Any interim proceedings to the contrary notwithstanding, a hearing on the merits of the [presentment] shall be held within sixty days of the date the complaint was filed with the court." Faced with a record that demonstrated that a hearing on the merits had not been held until several months after the presentment, the court was required to assess whether the sixty day time period set forth in the rule was mandatory or directory. The court stated: "Practice Book § 31 (a) is designed to encourage order and dispatch in the prosecution of presentments. This section is cast in affirmative words, contains no penalty for noncompliance and purports only to establish a time limit for acting upon complaints. We conclude therefore that its terms are directory, and not mandatory, and that failure to meet its time requirements does not deprive the court of jurisdiction." Id., 481.

Our Supreme Court's analysis in *Rozbicki* is applicable equally to Practice Book § 11-21. The timing of a motion for attorney's fees is not a matter of substance. Instead, as we have noted, the substance of § 11-21 is the creation of a pathway for a party to seek the fees to which he or she is entitled which, in this instance, is as a successful consumer pursuant to the dictates of § 42-150bb. As with Practice Book (1991) § 31 (a), the timing requirement set forth in Practice Book § 11-21 is intended to avoid extensive delay and ensure order. In sum, the timing provision is a matter of procedure and, therefore, directory.[10]

As noted, the court denied the defendant's motion for attorney's fees because it felt constrained by the thirty day time limitation in Practice Book § 11-21 for the filing of such a motion. As a consequence, the court did not exercise its discretion to determine whether strict adherence to the rule would "work surprise or injustice." Practice Book § 1-8. Accordingly, a hearing on the defendant's motion is necessary.

The judgment is reversed and the case is remanded with direction to conduct a hearing on the defendant's motion for attorney's fees consistent with this opinion.

In this opinion the other judges concurred.

[1] In his brief, the defendant also repeats his argument, made at trial, that counsel fees are a component of damages under the pertinent statute, and, therefore, the rule regarding the filing of a postjudgment motion for attor-

ney's fees does not apply. Because this argument was rejected by our Supreme Court in *Traystman, Coric & Kermamides, P.C.* v. *Daigle*, 282 Conn. 418, 429–31, 922 A.2d 1056 (2007), it does not warrant further discussion.

[2] Section 42-150bb further provides that "the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party." Since the amount of attorney's fees set forth in the consumer contract in the present case was stated as "reasonable," the attorney's fees to be awarded to the successful consumer similarly should be an amount determined by the court to be reasonable.

[3] Our Supreme Court has stated previously that "§ 42-150bb is in derogation of the common law. Specifically, [t]he general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . Connecticut adheres to the American rule. . . . There are few exceptions. . . . Section 42-150bb is, however, one of those exceptions to the common-law rule." (Citation omitted; internal quotation marks omitted.) *Aaron Manor, Inc.* v. *Irving*, 307 Conn. 608, 616–17, 57 A.3d 342 (2013).

[4] Our Supreme Court has discussed previously the legislative history of § 42-150bb and "recognized that it was designed to provide equitable results for a consumer who successfully defended an action under a commercial contract and the commercial party who was entitled to attorney's fees." *Aaron Manor, Inc.* v. *Irving*, 307 Conn. 608, 617–18, 57 A.3d 342 (2013). Our review of the legislative history supports this proposition as well. As a sponsor of the bill, Senator Salvatore DePiano commented during a Senate hearing: "This bill would require that in a specified situation attorney's fees be awarded to a consumer who successfully brings or defends an action based upon a contract or lease whenever such contract or lease provides for the attorney's fees of a commercial party." 22 S. Proc., Pt. 13, 1979 Sess., p. 4275, remarks of Senator DePiano. In the House, similar comments were made by Representative Richard Tulisano, another sponsor of the bill. He commented: "Mr. Speaker, the legislation before us today provides [for] the first time the ability for consumers in this state to obtain attorney's fees, of reasonable amount, as a result of defending or prosecuting any action in which the commercial party has provided for attorney's fees for their own behalf. What this does is give some equity to the situation." 22 H.R. Proc., Pt. 22, 1979 Sess., p. 7489, remarks of Representative Tulisano. Representative Tulisano further commented that the purpose of the bill was to provide balance where the consumer contract, typically drawn up by the commercial party, provides for attorney's fees in the event of consumer liability under the contract. Id., 7489–90.

[5] We recognize that recently this court analyzed Practice Book § 11-21 in *Cornelius* v. *Rosario*, 167 Conn. App. 120, 143 A.3d 611 (2016). At issue in *Cornelius* was the defendant's filing of a motion for attorney's fees twenty months after judgment had entered, and the question was what event, in a complicated procedural history, triggered the thirty day filing deadline of § 11-21. Id., 132–33. In *Cornelius*, however, this court did not consider the question of whether the thirty day filing provision in § 11-21 is mandatory or directory, which is the question we now confront. Thus, while this court, in *Cornelius*, agreed with the trial court's denial of the defendant's motion for attorney's fees as untimely, the question of whether § 11-21 timing requirement is mandatory or directory was not addressed. The court in *Cornelius* opined: "The trial court held that because the motion was filed more than thirty days following the date that the final judgment was rendered, it was untimely under Practice Book § 11-21. We agree." Id., 136. Because this court, in *Cornelius*, offered no opinion as to whether the court has discretion to entertain a motion for attorney's fees, filed more than thirty days after judgment, *Cornelius* is not controlling.

[6] In this regard, we are mindful that discretion is not merely leeway in decision-making. Discretion "means a legal discretion to be *exercised* in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." (Emphasis in original; internal quotation marks omitted.) *State* v. *Colton*, 234 Conn. 683, 703, 663 A.2d 339 (1995), cert. denied, 516 U.S. 1140, 116 S. Ct. 972, 133 L. Ed. 2d 892 (1996).

[7] This court, in *Morera* v. *Thurber*, 162 Conn. App. 261, 267–68, 131 A.3d 1155 (2016), looked beyond the plain meaning of the word "shall" to determine whether its use in Practice Book § 25-26 (g) was mandatory or direc-

tory. The analysis hinged on the use of both "shall" and "may" in the same section, which required a hearing under certain circumstances, and the court stated: "[W]hen a [drafter] opts to use the words 'shall' and 'may' in the same statute, they 'must then be assumed to have been used with discrimination and a full awareness of the difference in their ordinary meanings.' " Id., 268. Unlike the rule under scrutiny in *Morera*, neither of the two enactments in question here contains such a duality.

[8] We recognize that the test utilized in *Rozbicki* related to statutory provisions and not Practice Book sections. The interpretation of rules of practice, however, is to be governed by the same principles as those regulating statutory interpretation. *Commissioner of Social Services* v. *Smith*, supra, 265 Conn. 734. Accordingly, "the test to determine whether a statute is mandatory or directory is applicable to rules of practice." *State* v. *Ocasio*, 50 Conn. App. 748, 755 n.7, 718 A.2d 1018 (1998), rev'd on other grounds, 253 Conn. 375, 751 A.2d 825 (2000).

[9] Although we do not seek to interfere with the court's exercise of discretion, we note from the trial court record that the plaintiff made no claim that permitting a filing late by five days would be unjust or create surprise. Rather, the plaintiff simply claimed that the rule's timing provision was mandatory.

[10] We recognize that the implication of this opinion is that the term "shall" in § 42-150bb is mandatory while the same term in Practice Book § 11-21 is directory. Our conclusions are based on the context and purpose of the statute and the rule of practice. As noted, the purpose of the statute is to create equity between a commercial contractor and a consumer in a consumer contract that provides attorney's fees for the contractor. To suggest that the term "shall" in § 42-150bb is merely directory would eviscerate the statute's central purpose. In that context, the term is mandatory. On the contrary, as discussed, the use of the term "shall" in Practice Book § 11-21 is directory because it does not directly bear on the essence of the matter, which, in this case, is to make an award of attorney's fees in accord with the dictates of § 42-150bb.